UNITED STATES of America,

v.

Venus D. BALDWIN, a/k/a Talisha Johnson, Keith D. Beard, Terrance C. Fontanelle, Steven C. Mack, Terence Tolliver, and Krystal Washington, Defendants.

No. CR. 02–0323(PLF).

United States District Court, District of Columbia.

Aug. 14, 2003.

Thomas Walsh Farquhar, Washington, DC, Harry Tun, Washington, DC, Douglas Bernard Evans, Sr., Washington, DC, for Venus D. Baldwin.

Nathan I. Silver, II, Bethesda, MD, George Joseph Lane, Gambrills, MD, for Keith Beard.

Leonard Lamax Long, Washington, DC, for Terrance C. Fontanelle.

Thomas Abbenante, Washington, DC, for Jeffrey Jones.

William Gregory Spencer, Fed. Public Defender for D.C., Washington, DC, for Steven C. Mack.

Maria Carlotta Mendoza, Washington, DC, for Bobby Stevens.

George Allen Dale, Washington, DC, Shawn Franklin Moore, Fed. Public Defender of D.C., Washington, DC, for Terence Tolliver.

Marlon Steve Charles, Washington, DC, Harry Tun, A. Eduardo Balarezo, Washington, DC, for Krystal C. Washington.

Thomas Edwin Zeno, Deborah L. Connor, U.S. Attorney's Office, Washington, DC, for U.S.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

On July 31, 2003, this matter came before the Court for oral argument on defendant Keith Beard's Motion to Dismiss

Count XII of the indictment, which charges criminal health care fraud in violation of 18 U.S.C. § 1347.[1] Upon consideration of the oral arguments of counsel and the briefs filed by the parties, the Court denies the motion to dismiss Count XII.

■ This motion raises a question of first impression for this or any court. Defendants are charged with defrauding Kaiser Foundation Health Plan, Inc. ("Kaiser"), a non-profit health maintenance organization ("HMO") and health care benefit program.[2] The indictment contains one charge of health care fraud under 18 U.S.C. § 1347, eleven counts of mail fraud under 18 U.S.C. § 1341, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendants argue that although the alleged fraud was perpetrated against a health care benefit program, not every act of fraud against a health care benefit program constitutes a violation of 18 U.S.C. § 1347. They contend that the criminal health care fraud statute simply is not applicable to the specific type of fraudulent scheme alleged in this indictment. *See* Supplement to Defendant Beard's Previously Filed Motion to Dismiss Count XII of Indictment ("Def.'s Supp.") at ¶¶ 4, 5, 10. The government counters that a plain reading of the statute makes clear that there is no limiting language that would preclude charging defendants with the kind of health care fraud that is charged in the indictment, and that the facts alleged support the charge. The Court agrees that the plain

meaning of the statute does not prevent the government from charging these defendants with a violation of 18 U.S.C. § 1347.

The health care fraud statute provides: Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice-

(1) to defraud any health care benefit program; or

(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, *in connection with the delivery of or payment for health care benefits, items, or services,* shall be fined under this title or imprisoned no more than 10 years, or both. If the violation results in serious bodily injury ... such person shall be fined under this title or imprisoned not more than 20 years or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life or both.

18 U.S.C. § 1347 (emphasis added). By the plain language of the statute, one violates Section 1347 if he or she engages in a scheme or artifice to obtain the money of a health care benefit program by means of false representations in connection with either the delivery of or the payment for health care benefits, items or services. The government alleges that as part of the scheme or artifice to defraud Kaiser the defendants submitted four false invoices to Kaiser for dental chairs totaling $275,000.

1. Defendants Venus Baldwin, Steven Mack and Terence Tolliver formally joined defendant Beard's motion. As all defendants are charged in Count XII, the Court will treat the motion as having been joined by all.

2. A health care benefit program is defined by statute as "any public or private plan or contract, affecting commerce, under which any

medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract." 18 U.S.C. § 24. Defendants do not contest that Kaiser fits within the statutory definition of a health care benefit program.

*See* Government's Opposition to Motion to Dismiss Count Twelve ("Govt.'s Opp.") at 6. The government therefore maintains that the defendants defrauded a health care benefit program by requesting payment "in connection with" the delivery of a "health care item," namely the dental chairs. *See id.* at 6–7.

Defendants respond that Congress's actual intent cannot be determined by reference to the statutory language alone without also considering the legislative context in which the statute was enacted. *See Bailey v. United States*, 516 U.S. 137, 145, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) ("The meaning of the statutory language, plain or not, depends on context.") (citations omitted). The criminal health care fraud provision was passed as part of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191, 110 Stat.1936. In passing HIPAA, defendants argue, Congress intended to increase and strengthen the types of federal enforcement programs available to combat fraud against reimbursement mechanisms, such as Medicare and Medicaid, which are integral to the industry and are so readily susceptible to fraud. *See* Def. Supp. at ¶¶ 4, 5. Defendants maintain that consistent with this intent, the criminal health care fraud provision of HIPAA, codified as 18 U.S.C. § 1347, was designed to provide additional penalties for frauds directed toward these types of reimbursement mechanisms. *See id.* at ¶ 5. While this arguably may have been the primary focus of the legislation, the Court has found nothing in the scant legislative history relating to the criminal health care fraud provision that supports defendants' contention that Congress intended to limit the statute's reach to particular species of health care fraud. Nor have defendants found a decision by any district court or court of appeals that has construed the language of this statute or analogous statutory language in the limiting fashion they propose.

■ Absent persuasive legislative history or case law to the contrary, the Court cannot conclude that Congress intended to foreclose the use of the criminal health care fraud statute as a basis for charging the type of fraud alleged here. Rather, the language Congress chose is consistent with an intent to combat health care fraud without limitation. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (where the language of a statute is plain, " 'the sole function of the courts is to enforce it according to its terms' ") (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). As part of HIPAA, Congress intended to combat fraud perpetrated against health care providers and programs. It is indisputable that the fraud alleged here was directed against Kaiser in its role as a health care benefit program and was a scheme to obtain monies by false representations "in connection with the ... payment for health care ... items." 18 U.S.C. § 1347. Accordingly, there is no reason for the Court to dismiss the health care fraud count.[3]

For the foregoing reasons, Defendant Keith Beard's Motion to Dismiss Count XII of the Indictment [137–1] is DENIED.

SO ORDERED.

---

**3.** The Court also does not believe that this plain language interpretation of the statute will result in that " 'rare case[ ] [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' " *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).