UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RANDALL EUGENE SHORT,
        *Defendant-Appellant.*

No. 01-4238

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-00-30)

Argued: November 1, 2001

Decided: November 28, 2001

Before WIDENER and MICHAEL, Circuit Judges, and
Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Christopher P. Riley, BAILEY, RILEY, BUCH & HAR-
MAN, L.C., Wheeling, West Virginia, for Appellant. Sherry L.
Muncy, Assistant United States Attorney, Elkins, West Virginia, for
Appellee. **ON BRIEF:** Patrick M. Flatley, United States Attorney,
Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

This is an appeal from the district court's order requiring defendant Randall Eugene Short to pay restitution in the amount of $2,616.20, either in full immediately or in accordance with a schedule the Bureau of Prisons should produce. Because the district court did not make the necessary findings required by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, 3664, we vacate and remand with instructions.

I.

Randall Short pleaded guilty in the Northern District of West Virginia, pursuant to a plea bargain, for aiding and abetting in the unlawful sale of government property. The property in question consisted of two Black Cherry trees that were taken from Perry Ridge, Monongahela National Forest and sold to Allegheny Veneer of Weston, West Virginia for $2,616.20. Short was not the only individual involved in the theft. His co-defendant, Kenneth Plymale, was acquitted. At Plymale's trial, Short testified and committed perjury. Because of this, the district court enhanced Short's sentence for obstruction of justice. The district court sentenced Short to 10 months in prison, $100 special assessment, and mandatory restitution in the full amount of the proceeds from the sale of the trees, $2,616.20. The restitution was to be paid immediately or on a schedule made by the Bureau of Prisons.

Short's financial and employment circumstances can only be termed dire. Short's highest level of education was seventh or eighth grade, and he cannot read or write. The Pre-Sentence Report showed no history of reliable employment except 1995. In fact, for the previous ten years, Short had earned a total of $19,014.00, all of which was attributed to 1995.* Furthermore, the Shorts' expenses exceeded

---

*Since 1995, defendant has not reported any income, although his expenses exceed $1000 per month.

income by some $700 per month. Short and his common law wife's financial condition is further demonstrated by the fact that their only source of income is from the $238 in food stamps they receive monthly. The Shorts' long-term debt load is some $19,000 compared to assets totaling no more than $5,200, assessed value, representing some land, assessed at $5,100, and a 1969 Chevrolet truck. Concluding that $2,616.50 in restitution was due, the Pre-Sentence Report did not make a recommendation as to how the restitution was to be paid. The district court adopted the factual findings of the presentence report set out above in its Judgment and Commitment Order entered on March 7, 2001.

The district court discussed Short's financial situation at sentencing, but concluded that it was required by statute to order full restitution, and that because Short would be unable to pay under any schedule, did not set one. The court did state that some of the restitution could be paid while Short was serving his sentence, but that this sentence was too short to allow for full payment. However, if the defendant's financial situation changed while he was on supervised release, the court would order a payment schedule. Finally, the court ordered that Short pay court ordered restitution "as determined by the BOP [Bureau of Prisons]," although the same order provides that payment of the same was "in full and due immediately."

Defendant alleges that the district court erred in the following three ways: 1) in delegating its authority to establish a payment schedule to the Bureau of Prisons; 2) in failing to make any finding that a lump sum payment of restitution was feasible in light of Short's financial condition; and 3) failing to consider whether Short's financial condition required the court to order "nominal periodic payments" in accordance with § 18 U.S.C. 3664(f)(3)(B).

## II.

The defendant first claims that the district court erred when it delegated the establishment of a payment schedule to the Bureau of Prisons. The district court ordered that the defendant pay restitution in the manner "determined by the BOP [Bureau of Prisons]." The order did not require that any payment schedule made by the BOP be referred to the district court for approval. We agree that this order impermiss-

ibly delegated the district court's authority contrary to 18 U.S.C. § 3664(f)(2) which requires that the district court "specify in the restitution order the manner . . . and the schedule" for payment.

Our decision in *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996), controls the disposition of this question. In *Miller*, we held that a district court may not delegate to the "Federal Bureau of Prisons and/or the United States probation officer" the final authority to establish a defendant's restitution payment schedule. 77 F.3d at 77. Here, we are faced with that same question. The district court here did not confirm the role of the Bureau of Prisons "to recommend [a] restitution decision[ ] for approval by the court" as suggested in *Miller*. There is nothing untoward about a district court seeking the advice of probation officials or other administrative authorities who may have more intimate knowledge of a prisoner's circumstances. However, the district court must retain its authority to set the final determination. Because the district court's order does not evidence a retention of authority, we are of opinion, and hold, that the district court impermissibly delegated its authority.

The defendant next contends that the Restitution Act requires that the district court make findings as to whether lump sum restitution was feasible or that the defendant's economic circumstances justified such an order. Whether the statute requires the district court to make such findings is a question of law we review *de novo*. See *United States v. Hall*, 972 F.2d 67, 69 (4th Cir. 1992).

We are of opinion that the district court erred in ordering lump sum restitution without first making findings on the record that such an order was feasible or justified. The statute, in relevant part, provides that

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—
>
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B) projected earnings and other income of the defendant; and

(C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(2).

We have recently examined this portion of the statute in *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000). There we stated that § 3664(f)(2) "clearly requires a sentencing court to consider the factors listed . . . when determining how restitution is to be paid . . . [and] must make a factual finding keying the statutory factors to the type and manner of restitution ordered; it must find that the manner of restitution ordered is feasible." 202 F.3d at 716. A district court may make the required findings by "announcing its findings on the record or by adopting adequate proposed findings contained within a presentence report." 202 F.3d at 716 (quoting *United States v. Blake*, 81 F.3d 498, 505 (4th Cir. 1995)). Although the district court adopted the PSR's findings pertaining to Short's finances, the PSR did not contain any findings keying the statutory factors to the court's order of restitution. Moreover, the district court did not make any of its own findings in this regard. On remand, the above quoted provisions of *Dawkins* and *Blake* should be complied with.

In this same connection, the district court made no findings as to whether Short's economic situation makes him a candidate for restitution via "nominal periodic payments" pursuant to § 3664(f)(3)(B). Section 3664(f)(3)(B) provides that

A restitution order may direct the defendant to make nominal periodic payments if the court finds from the facts on the record that the circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

18 U.S.C. § 3664(f)(3)(B).

In view of Short's financial condition, we are of opinion that the district court, on remand, should also consider whether § 3664(f)(3)(B) relief is called for.

## III.

The district court's order of restitution is accordingly vacated, and the case is remanded for resentencing proceedings not inconsistent with this opinion.

*VACATED AND REMANDED*