**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2488

MARTIN BRAMSON,

Petitioner, Appellant,

v.

DAVID L. WINN, WARDEN, FEDERAL MEDICAL CENTER DEVENS,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

Martin Bramson on brief pro se.
Michael J. Sullivan, United States Attorney, and Christopher
R. Donato, Assistant United States Attorney, on brief for appellee.

June 15, 2005

**Per Curiam**.  Pro se plaintiff-appellant Martin Bramson appeals from the dismissal of his 28 U.S.C. § 2241 petition.  After carefully reviewing the parties' briefs and the record, we affirm.  We briefly address Bramson's arguments.

First, Bramson claims that the Federal Bureau of Prisons may not set the timing and amount of his restitution and fine payments through the Inmate Financial Responsibility Program ("IFRP") without submitting any such plan to the sentencing court for its approval.  While district courts may not delegate to probation or the Bureau of Prisons designation of the timing and amount of court-ordered payments, see United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999) (holding that district court could not delegate to probation the obligation of scheduling defendant's installment payments), this case is distinguishable.  Contrary to Bramson's argument, the Maryland and New Jersey courts here did not delegate the setting of payment schedules to probation or the Bureau of Prisons.  Rather, both courts held that payment was due immediately.  Thus, there was no improper delegation by the courts of their exclusive authority to determine a payment schedule.  The Bureau of Prisons was merely using the IFRP to collect Bramson's court-ordered payments.  See, e.g., Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that Bureau of Prisons may administer collection of payments through IFRP where sentencing court orders immediate payment); McGhee v. Clark, 166 F.3d 884, 886

-2-

(7th Cir. 1999) (same). Moreover, as the lower court correctly noted, Bramson's argument regarding the collection of his restitution payments is moot in light of the Maryland court's amended judgment which limits the source of restitution funds to the money already seized from Bramson at the time of his arrest.[1]

Next, Bramson argues that the Bureau of Prisons may not collect fine payments when restitution remains outstanding. He cites to 18 U.S.C. § 3612(c) which states that money received from a defendant should be disbursed to pay restitution in full prior to paying other fines. We deem this argument waived, as it was raised for the first time in Bramson's objections to the magistrate's report and recommendation. Maine Green Party v. Maine, Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999). The claim lacks merit in any event. While Bramson argues that the restitution order "remains legally undischarged," he essentially concedes that the collection of restitution from him is no longer an issue. Indeed, the Maryland court's amended judgment makes clear that the only source

---

[1] To the extent Bramson challenges his "refusal status" under the IFRP, particularly its effect on his prison housing assignment, we note that every court to consider the issue has upheld the IFRP against general, and due process, challenges, see Montano-Figueroa v. Crabtree, 162 F.3d 548, 548 (9th Cir. 1998) (citing cases); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990) (noting that IFRP "serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization . . . to provide for rehabilitation and reformation"), and find Bramson's claim to be without merit, see Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989) (stating that prisoners have no protected interest in particular housing assignment).

of funds to be applied to Bramson's restitution obligation is the money already seized from Bramson at the time of his arrest and that "restitution is not to be paid pursuant to the Inmate Financial Responsibility Program." Thus, there is no money due and owing from Bramson as restitution. Accordingly, the Bureau of Prisons may properly collect money to satisfy Bramson's outstanding fine.

Finally, Bramson argues that the lower court erred in allowing the government an additional two months to respond to his petition. This claim lacks merit. While Bramson states that "[n]o explanation was offered for the reason for the delay," the government explained in its motion that it was "in the process of gathering information necessary to file an answer or other response and need[ed] additional time to complete these assessments." There is no indication that these proffered reasons were not legitimate. Indeed, the government's response, in the form of a motion to dismiss/motion for summary judgment based on failure to exhaust administrative remedies, included 22 exhibits regarding Bramson's Maryland and New Jersey sentences, his participation in the IFRP, and his requests for administrative remedies.[2] Also, while Bramson states that the government's delay resulted in the lack of a "level

---

[2] The lower court did not address the government's exhaustion argument, ruling instead "that the petitioner has been afforded the relief sought, and that to the extent that the petition seeks more, it is without merit."

-4-

judicial playing field," Bramson does not explain how he was prejudiced by the delay or denied due process. Further, while Bramson argues that 28 U.S.C. § 2243 forbids an extension of time beyond twenty days in § 2241 cases and that the rules governing § 2254 cases are inapplicable, the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions. See Rule 1(b) of the Rules Governing § 2254 Cases. Rule 4 provides that the "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court . . . ." Thus, the district court had the discretion to set a deadline beyond twenty days for a response. See Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) (noting that Rule 4, which has force of superseding statute, loosened up deadline for responses); Clutchette v. Rushen, 770 F.2d 1469, 1474 (9th Cir. 1985) (noting that Rule 4 contains no fixed time requirement and gives district court discretion to grant appropriate deadline in habeas cases).

The judgment of the district court is affirmed. See 1st Cir. R. 27(c).