# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 18, 2008          Decided April 21, 2009

No. 05-3174

UNITED STATES OF AMERICA,
APPELLEE

v.

VENUS D. BALDWIN, ALSO KNOWN AS TALISHA JOHNSON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 02cr00323-01)

*Howard B. Katzoff*, appointed by the court, argued the cause and filed the briefs for appellant.

*Suzanne G. Curt*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III*, *Elizabeth Trosman*, *Thomas E. Zeno*, and *Deborah L. Connor*, Assistant U.S. Attorneys. *Thomas J. Tourish Jr.*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, *Chief Judge*, and GRIFFITH, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM:  Venus Baldwin appeals her convictions and sentence after a jury trial for health care fraud, 18 U.S.C. § 1347, mail fraud, 18 U.S.C. § 1341, and conspiracy to commit money laundering, 18 U.S.C. § 1956(h).  The indictment charged that Baldwin, her four co-defendants, and others set up a scheme that defrauded Kaiser Foundation Health Plan, Inc. out of a total of $1,159,958.  Baldwin and her co-conspirators created sham business entities to submit fraudulent invoices to Kaiser Permanente requesting payment for various goods and services that were never furnished, including dental chairs, which qualified as "health care item[s]" within the meaning of 18 U.S.C. § 1347.  They then created numerous bank accounts to receive the payments and launder the money.

When calculating Baldwin's sentence range under the U.S. Sentencing Guidelines Manual, the district court increased her offense level upon finding that she was a leader or organizer of the scheme, that she committed perjury, and that she committed another offense while on release pending sentencing.  *See generally United States v. Baldwin*, 389 F. Supp. 2d 1 (D.D.C. 2005).  The court ultimately sentenced her to concurrent prison terms of 120 months on the money laundering count and 60 months on the health care and mail fraud counts.  It ordered her to pay restitution in the total amount of $893,085, for which she was jointly and severally responsible with her co-defendants.  The judgment also provided that Baldwin "may make payment of the special assessment and restitution through the U.S. Bureau of Prisons' Inmate Financial Responsibility Program" during her incarceration.  Any balance remaining after her release was to be paid at a rate of $200 per month, but the U.S. Probation Office could "revise the amount of monthly payments in its discretion."

Two of the issues Baldwin raises amount to nothing. There is no room for doubting whether she committed health care fraud in violation of 18 U.S.C. § 1347. As the district court ruled, her fraud was directed against Kaiser, a "health care benefit program," and the payment requests for the dental chairs were "in connection with the . . . payment for health care . . . items." *See United States v. Baldwin*, 277 F. Supp. 2d 67, 68–69 (D.D.C. 2003). Whether she was a leader or organizer of the scheme, as defined in § 3B1.1 of the U.S. Sentencing Guidelines, is not a close question. The district court cited ample evidence proving that she was. *See Baldwin*, 389 F. Supp. 2d at 2.

A more serious issue is whether the district court impermissibly delegated its authority to determine her restitution obligations to the Bureau of Prisons during her incarceration, and to the Probation Office upon her release. Citing this court's decision in *United States v. Braxtonbrown-Smith*, 278 F.3d 1348, 1356 (D.C. Cir. 2002), and cases from other circuits, Baldwin argues that the district court could not give the Probation Office the authority to modify her monthly restitution payments while she was on supervised release. Baldwin also contends that the district court was required to set the total amount and schedule of restitution payments to be made during her incarceration through the Inmate Financial Responsibility Program.

Baldwin's counsel did not object to the restitution order at the sentencing hearing, so our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Watson*, 476 F.3d 1020, 1023 (D.C. Cir. 2007). To overturn a district court's decision under plain error review, we must find that there is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Watson*, 476 F.3d at 1023 (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). If all three conditions are satisfied, we have

discretion to remedy the error only if (4) it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1023–24.

Although the government did not alert the district court, it tells us the court committed error in failing to specify the amount and schedule of Baldwin's restitution payments during her incarceration and in giving the Probation Office discretion to modify her monthly payment amounts on supervised release. We are not obligated to accept the government's confession of error, *United States v. Bowie*, 198 F.3d 905, 913 (D.C. Cir. 1999) (citing *Young v. United States*, 315 U.S. 257, 258 (1942)), particularly when there is reason to doubt whether the government's position is correct.

*Braxtonbrown-Smith*, on which Baldwin and the government rely, contains no analysis of the issue. Citing two cases, one from the Seventh Circuit and another from the Fourth, *United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999); *United States v. Johnson*, 48 F.3d 806, 808–09 (4th Cir. 1995), we remanded with instructions to the district court to "clarify" that the Probation Office did not have authority to modify the monthly restitution payments. *Braxtonbrown-Smith*, 278 F.3d at 1356. On the issue of the Probation Office's authority there is now a split in the circuits. *See Weinberger v. United States*, 268 F.3d 346, 359–60 & n.3 (6th Cir. 2001) (collecting cases). Some courts (apparently the majority) hold that allowing probation officers to modify monthly restitution payments conflicts with 18 U.S.C. §§ 3663–3664 and Article III of the Constitution. *See, e.g.*, *United States v. Johnson*, 48 F.3d 806, 808–09 (4th Cir. 1995). Others hold that so long as the district court determines the total amount of restitution to be paid, it may properly allow the Probation Office to set the schedule of payments. *See, e.g.*, *United States v. Signori*, 844 F.2d 635, 641–42 (9th Cir. 1988).

As to the Bureau of Prisons' Inmate Financial Responsibility Program, it is not so clear that the district court had to give more specific instructions regarding Baldwin's restitution payments during her incarceration. The Seventh Circuit recently overruled *Pandiello*, the case on which *Braxtonbrown-Smith* (and the government) relied for the conclusion that the district court could not delegate its authority to specify restitution payment schedules. *See United States v. Sawyer*, 521 F.3d 792, 794–96 (7th Cir. 2008). *Sawyer* held that a court *may not* set the terms of restitution payments made through the Inmate Financial Responsibility Program, because the Program is under the exclusive control and authority of the Executive Branch (unlike the Probation Office, whose only power derives from the court). *Id.* at 795. Only the Bureau of Prisons could determine whether an inmate earned *anything* while in prison, and whether and how much of the amount could be used to make restitution payments. *Id.* Hence the conclusion: the court is not delegating its authority when it leaves it up to the Bureau of Prisons to determine the amount and schedule of restitution to be paid during incarceration. *Id.* While agreeing with two circuits in so holding, the Seventh Circuit acknowledged that its decision on the issue conflicted with that of six other circuits. *Id.*

Given the divergent views of the courts of appeals and the shift in the authority on which we relied in *Braxtonbrown-Smith*, we cannot say that the district court committed "plain error" in its restitution order.

*Affirmed.*