NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-3306

_____

UNITED STATES OF AMERICA

v.

SHAKIRA WILLIAMS
Appellant

_____

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-03-cr-00776-2)
District Judge:  Hon. Legrome D. Davis

_____

Argued May 28, 2010

BEFORE:  McKEE, *Chief Judge*, RENDELL and
STAPLETON, *Circuit Judges*

(Opinion Filed: July 20, 2010)

_____

Robert Epstein
Keith M. Donoghue (Argued)
David L. McColgin
Leigh M. Skipper
Rossman D. Thompson, Jr.

Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center - Suite 540 West
Philadelphia, PA 19106
  Attorneys for Appellant

Michael L. Levy
Robert A. Zauzmer (Argued)
Frank R. Costello, Jr.
Office of United States Attorney
615 Chestnut Street - Suite 1250
Philadelphia, PA 19106
  Attorneys for Appellee

———————

OPINION OF THE COURT

———————

STAPLETON, Circuit Judge:

After Shakira Williams violated conditions of her supervised release for the third time, the District Court revoked her release and ordered her incarcerated for nineteen months, to be followed by twelve months of supervised release, six of the twelve months to be served in a halfway house, and the remaining six to be served under home detention. Williams challenges this sentence, contending that: (1) the total of twenty-five months' imprisonment and home detention exceeded the maximum prison term authorized by statute for supervised release violations; and (2) the sentence was procedurally and substantively unreasonable. For the reasons that follow, we will affirm.

2

## I.

Williams pled guilty to four counts of bank robbery and one count of conspiracy, and the District Court imposed a sentence that included three years of supervised release. During the first year of this term, the Probation Office alleged that Williams violated six conditions of her release. The District Court held a hearing on the alleged violations, but the hearing was continued per Williams's request to find another attorney. Williams then failed to appear at the rescheduled hearing, and a bench warrant was issued for her arrest.

Williams appeared at a subsequent hearing, and the District Court revoked the supervised release term and sentenced her to five months' imprisonment, to be followed by a new term of thirty one months' supervised release. Williams served her prison term and resumed her release, but after one month, the Probation Office again alleged that she violated supervised release conditions. The District Court held a hearing and then modified the conditions of Williams's release to include four months of home confinement with electronic monitoring.

Thereafter, the Probation Office yet again alleged that Williams committed multiple violations of her supervised release, including leaving her home without authorization, removing the electronic monitoring bracelet, and testing positive for drugs on three occasions. The District Court held a hearing and thereafter revoked Williams's supervised release and sentenced her to nineteen months' imprisonment, to be followed

3

by twelve months of supervised release, six months of which were to be served in a halfway house and the remaining six months to be served under home detention.

Williams appeals from this final order.[1]

## II.

Williams argues first that the District Court's imposition of a total of twenty-five months of imprisonment and home detention exceeded the maximum term of imprisonment authorized by statute for supervised release violations. Ordinarily, "[w]e exercise plenary review over challenges to the legality of a sentence imposed by a district court." *United States v. Murray*, 144 F.3d 270, 275 n.6 (3d Cir. 1998) (citing *United States v. Pivorotto*, 986 F.2d 669, 673 (3d Cir. 1993)). However, "where a defendant has failed to object to a purported error before the sentencing court, our review on appeal is only to ensure that plain error was not committed." *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001). Williams concedes that this issue was not preserved in the District Court, and so the plain error standard applies.

Pursuant to 18 U.S.C. § 3583, a district court may, with regard to a term of supervised release which has previously commenced due to an offense that is a Class C

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, which grants to the "district courts of the United States . . . original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

felony, like Williams's offense[2] here, (1) terminate the supervised release term after one year has passed; (2) extend the supervised release term to the maximum term permitted; (3) revoke the supervised release term and send the defendant to prison for a maximum term of twenty-four months, if the court finds that the defendant violated a condition of supervised release; or (4) continue the supervised release term while directing the defendant to remain at home, "except that an order under this paragraph may be imposed only as an alternative to incarceration." 18 U.S.C. § 3583(e)(1)–(4).

In addition, "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). "The court may order, as a . . . condition of supervised release . . . any condition set forth as a discretionary condition of probation in [18 U.S.C. § 3563(b)]." 18 U.S.C. § 3583(d). One of these discretionary conditions of probation is home detention. 18 U.S.C. § 3563(b)(19). This provision also provides, however, that "a condition under this paragraph [including home detention] may be imposed only as an alternative to incarceration." *Id.*

Here, the District Court, pursuant to § 3583(e)(3), found that Williams violated

---

[2] Williams's underlying offense was a Class C felony, because "the maximum term of imprisonment authorized [for it] is . . . less than twenty-five years but ten or more years." 18 U.S.C. § 3559(a)(3); *see also* 18 U.S.C. § 2113(a). The classification of Williams's underlying offense is not contested.

5

conditions of her supervised release, revoked that supervised release, and sentenced her to nineteen months' imprisonment, which is less than the maximum twenty-four months authorized by that provision. The District Court then, pursuant to § 3583(h), followed that prison term with a new twelve-month term of supervised release. Finally, pursuant to §§ 3583(d) and 3563(b)(19), the District Court established as a condition of that supervised released that six months of it was to be served under home detention.

Williams contends that this twenty-five-month combined sentence of imprisonment and home detention violated 18 U.S.C. § 3583(e)(3), because it exceeded that provision's maximum prison term of twenty-four months. Essentially, Williams argues that any term of home detention imposed under § 3583(e)(4) counts toward the maximum prison term prescribed by § 3583(e)(3), because § 3583(e)(4) states that "an order under this paragraph [ordering home detention] may be imposed only as an alternative to incarceration." Williams notes also that 18 U.S.C. § 3563(b)(19) "likewise provides that home confinement 'may be imposed only as an alternative to incarceration.'" Appellant's Reply Br. at 5. Williams interprets this phrase to mean that home detention is a substitute for incarceration, such that a defendant may be sentenced to the maximum term of imprisonment, or some of that maximum term of imprisonment can be replaced with home detention.

We have not addressed the issue raised in this appeal, nor, it appears, has any court in this Circuit. The Court of Appeals for the Fifth Circuit, however, agreed with

6

Williams's interpretation in *United States v. Ferguson*, 369 F.3d 847 (5th Cir. 2004), in which the Court cited the dictionary definition of "alternative" as "a proposition or situation offering a choice between two things wherein if one thing is chosen the other is rejected," and held that "the plain meaning of 'alternative' leads to the conclusion that a court could not impose both a term of incarceration (upon revocation of supervised release) and subsequent home detention during a reimposed term of supervised release that, when combined, exceeds the allowable maximum incarceration term."[3] *Id.* at 851.

On the other hand, the Court of Appeals for the Fourth Circuit in *United States v. Hager*, 288 F.3d 136 (4th Cir. 2002), came to the opposite conclusion, citing a definition of "alternative" almost identical to the one cited in *Ferguson* ("a proposition or situation offering a choice between two or more things only one of which may be chosen"), but ruling that because this definition in the context of § 3583(e)(4) means that imprisonment and home detention are "mutually exclusive, they cannot be the same." *Id.* at 137-38. Thus, "the plain meaning of § 3583(e)(4) indicates that Hager's term of home

---

[3] Two other Courts of Appeals have indicated agreement with the *Ferguson* Court, but they have not specifically so held. In *United States v. Boecker*, 280 F.3d 824 (8th Cir. 2002), the Court simply assumed, with no analysis of the issue, that "the court was entitled to sentence Boecker to up to 21 months in prison (not [the maximum] 24 months [under § 3583(e)(3)] because Boecker had spent 3 months in home detention)," in ruling on another, related issue – whether a fourteen-month prison term was proper upon revocation of supervised release. *Id.* at 825-26. In *United States v. Marcano*, 525 F.3d 72 (1st Cir. 2008), the Court found that the defendant "made a colorable argument that the district court could not have imposed a period of incarceration and supervised release involving home confinement in excess of two years, the statutory maximum [under § 3583(e)(3)]," but it did not so hold, because, unlike here, the combined terms of imprisonment and home detention did not exceed the § 3583 maximum. *Id.* at 74.

7

confinement was not the equivalent of incarceration and that home confinement should not receive credit as incarceration under the statute." *Id.* at 138.

As noted earlier, we review the District Court's decision under the plain error standard. Thus, assuming that Williams is correct that the sentence imposed by the District Court exceeded the maximum prison term authorized by the supervised release statute, for Williams to prevail "we must find that . . . the error was plain, i.e., clear or obvious, and . . . the error affected the defendant's substantial rights." *Knight*, 266 F.3d at 206. "In addition, even where plain error exists [and substantial rights of the defendant are affected], our discretionary authority to order correction is to be guided by whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

"An error affects substantial rights when it is 'prejudicial: It must have affected the outcome of the district court proceedings.'" *United States v. Vazquez-Lebron*, 582 F.3d 443, 446 (3d Cir. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Assuming the District Court erred here, the error affected the outcome because, in its absence, Williams would have received a different sentence. *See Knight*, 266 F.3d at 206-07.

However, the alleged error here, if error, was not "plain." The issue raised by Williams is one of first impression in this Circuit, and our sister Courts of Appeals have split regarding this issue. Due to the lack of authority from courts in this Circuit and the

8

split among the other Courts of Appeals, we cannot conclude that the alleged error was "clear or obvious." *See United States v. Baldwin*, 563 F.3d 490, 492 (D.C. Cir. 2009) (relying on circuit split in finding no plain error); *United States v. Andrews*, 532 F.3d 900, 909 (D.C. Cir. 2008) (same).[4]

Accordingly, we must decline to review the first issue that Williams tenders.

### III.

Williams next contends that her sentence of thirty-one months' confinement was: (1) procedurally unreasonable because the District Court relied on an improper factor in determining the sentence, and failed to consider Williams's medical condition mitigating her culpability; and (2) substantively unreasonable because it "exceeds the sentence that any reasonable judge could regard as minimally sufficient for infractions obviously and uniformly stemming from drug addiction." Appellant's Br. at 28. "[I]t is now well understood that an appellate court reviews a sentence for reasonableness with regard to

---

[4] The Court of Appeals for the Fifth Circuit has held that while a "defendant's failure to contemporaneously object to an alleged error generally results in plain error review . . . we review de novo a sentence that allegedly exceeds the statutory maximum term." *Ferguson*, 369 F.3d at 849 (citing *United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000) (explaining that "because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, our review of the issue presented in this appeal will be de novo")). We have not so held and, in our view, could not, consistent with the teachings of the Supreme Court in *United States v. Olano*, 507 U.S. 725, 734 (1993) ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'"). Williams cites *United States v. Gunter*, 527 F.3d 282 (3d Cir. 2008), for the proposition that "[a] sentence exceeding the statutory maximum is plain error," Appellant's Br. at 23, but in *Gunter*, we concluded only that the particular sentence at issue constituted plain error, because the sentence obviously exceeded the statutory maximum for the crime. *Gunter*, 527 F.3d at 288.

9

the factors set forth in 18 U.S.C. § 3553(a)," *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006)), and that this standard applies to "a sentence imposed upon a revocation of supervised release." *Id.* We further explained in *Bungar* that:

> In order for a sentence to be reasonable, the record must demonstrate that the sentencing court gave meaningful consideration to these factors. The court need not, however, discuss a defendant's clearly nonmeritorious arguments, or otherwise discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.
>
> In addition to demonstrating that it gave meaningful consideration to the § 3553(a) factors, a sentencing court must demonstrate that it reasonably applied those factors to the circumstances of the case. Our review in this regard is highly deferential. We may not substitute our judgment for the sentencing court's, but will affirm if we are convinced that the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors in light of the circumstances of the case.

*Id.* at 543 (internal quotations and citations omitted). We noted, however, that § 3583(e) "omits § 3553(a)(2)(A) . . . and § 3553(a)(3) . . . from among the § 3553(a) factors that a court must consider when sentencing a defendant for a violation of supervised release." *Id.* at 544 n.2. Section 3553(a)(2)(A) ordinarily requires a sentencing court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and § 3553(a)(3) ordinarily requires a sentencing court to consider "the kinds of sentences available." 18 U.S.C. § 3553(a). But pursuant to § 3583(e), these factors may not be considered when

10

sentencing for a violation of a supervised release condition.

Williams argues that her sentence was procedurally unreasonable because the District Court relied upon one of the § 3553(a)(2)(A) factors, a factor specifically omitted by § 3583(e) from among the § 3553(a) factors that a court considers when sentencing a defendant for a supervised release violation, when it engaged in the following dialogue with defense counsel and with Williams herself:

> THE COURT: [Y]ou can tell me if you see it differently, but I think that I have extended myself with your client a lot farther than -- with this particular client, a lot farther than I have extended myself with many other people. Am I right or wrong?
>
> MR. THOMPSON: I would agree with that, Your Honor.
>
> THE COURT: And we have had conversations where I have used every device that I knew to motivate your client to do the right thing, because I do think she is salvageable and redeemable and is not too far gone. *And I just wonder how many last chances a person can have before my word, which is the word of the law, has any value whatsoever.* All right?
>
> * * *
>
> THE COURT: So did you, at any point, think about all those conversations we've had in the period of time we've known each other?
>
> DEFENDANT: Oh, definitely, I recited to my girlfriends, you know, my friends -- it doesn't --
>
> THE COURT: Did any of them know me?
>
> DEFENDANT: Excuse me?

11

| | |
|---|---|
| THE COURT: | Did any of them know me? |
| DEFENDANT: | Yeah, a -- one -- |
| THE COURT: | And what'd they say to you about me? |
| DEFENDANT: | They just basically really speechless; they just shook their head. |
| THE COURT: | Right, *because I mean what I say, right?* They tell you that? |
| DEFENDANT: | Well, but in so many words, basically you're tough. |
| THE COURT: | *That I'm tough? Right?* You didn't meet anybody out there that I'd expended as much energy on with them as I've expended with you, did you? You're shaking your head. |
| DEFENDANT: | No. No. |

App. at 86-88 (emphasis added). Williams contends that these comments show that the District Court considered "the promotion of respect for the law," a factor the District Court should not consider when sentencing for a violation of supervised release. Appellant's Br. at 26.

Unlike Williams, we interpret this exchange to mean that the District Court considered "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), a consideration explicitly allowed by § 3583(e). *See* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B) . . . ."). The District Court was obviously frustrated that its prior sentences did not deter Williams from continuing to violate the terms of her

12

supervised release. The statements about the District Court's word having "value," appearing "tough," and "mean[ing] what I say" reflect that the District Court was seeking to afford "adequate deterrence" to Williams's criminal conduct. In addition, the record reveals that the District Court considered: (1) the nature, frequency, and seriousness of Williams's violations of supervised release; (2) Williams's history and characteristics; and (3) the advisory Guidelines range of three to nine months, specifically finding that a sentence in this range was inadequate to achieve the goals of sentencing, particularly deterrence, and concluding that a longer sentence was appropriate. In short, the District Court considered the proper § 3553(a) factors in sentencing Williams.

Williams next argues that her sentence was procedurally unreasonable because the District Court "failed to meaningfully consider the medical condition and depression mitigating [her] culpability." Appellant's Br. at 27. The record indicates otherwise. The District Court listened to Williams's argument concerning her thyroid condition and decided that it was not a legitimate mitigating factor, primarily because Williams left two different hospitals without being treated on the night she left her home detention without authorization and then, instead of going home, went to visit with a friend. In addition, Williams admitted that her medical issues were not the cause of her violations of the supervised release conditions. The record clearly demonstrates that the District Court meaningfully considered Williams's argument regarding her medical condition.

Finally, Williams contends that her sentence was substantively unreasonable,

13

because it "exceeds the sentence that any reasonable judge could regard as minimally sufficient for infractions obviously and uniformly stemming from drug addiction," and "marks a dramatic deviation from the Guidelines" sentence "for Class C violations on the part of a defendant with a Category I criminal history." Appellant's Br. at 28-30. However, in *United States v. Dees*, 467 F.3d 847 (3d Cir. 2006), we specifically noted that "the theory behind sanctioning violations of supervised release is to sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying [supervised release] violation and the criminal history of the violator." *Id*. at 853 (internal quotation and citation omitted). We declined in *Dees* "to find a sentence imposed upon revocation unreasonable simply because it exceeds the initial sentence of imprisonment when the District Court has ably identified the reasons warranting such punishment." *Id.*

Here, the District Court identified the reasons warranting the sentence it imposed. The District Court explicitly considered the advisory Guidelines range of three to nine months and determined that "the guidelines simply could not, in their mechanical, abstract manner, measure the relationship, the dynamic that exists between me and [Williams], and the failure of trust. And so we're at the end of the road is where we are." App. at 96. The District Court time and again noted Williams's repeated violations of the supervised release conditions and the failure of the previously imposed sentences to deter such conduct. Given the record, and Williams's repeated violation of the terms of her

14

supervised release, we conclude that the sentence imposed by the District Court was "'premised upon appropriate and judicious consideration of the relevant factors' in light of the circumstances of the case." *Bungar*, 478 F.3d at 543 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

IV.

In light of the foregoing, we will affirm the judgment of the District Court.