# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 23, 2015                    Decided May 22, 2015

No. 13-3098

UNITED STATES OF AMERICA,
APPELLEE

v.

RICARDO HUNTER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cr-00039-1)

*Jeremy C. Marwell*, appointed by the court, argued the cause for appellant. With him on the briefs was *John P. Elwood*.

*Ricardo Hunter*, pro se, filed the briefs for appellant.

*Stephen F. Rickard*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney at the time the briefs were filed, and *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant U.S. Attorneys.

Before: TATEL, *Circuit Judge*, EDWARDS, *Senior Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

EDWARDS, *Senior Circuit Judge*: The Appellant in this case, Ricardo Hunter, pled guilty to federal charges stemming from a series of armed robberies. He was sentenced to fifteen years in prison and ordered to pay $35,157.27 in restitution, along with a "special assessment" of $400.00. Under the District Court's order, both amounts were payable immediately. The sentencing order further provided that, during his incarceration, Appellant was to participate in the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP") through which he would make payments to satisfy the restitution obligation. The timing and amounts of the payments to be made by Appellant were left to be determined by IFRP. Appellant's claim on appeal is that the District Court's delegation to IFRP violated 18 U.S.C. § 3664(f)(2), which mandates that "the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ."

Appellant's attorney did not raise this statutory argument during the sentencing proceedings before the District Court. About two months after the District Court imposed sentence, Appellant filed a motion *pro se* seeking to suspend the restitution order. In his initial brief to the District Court in support of this belated motion, Appellant did not raise the statutory argument regarding the District Court's alleged unlawful delegation to IFRP. The argument was first raised in Appellant's reply brief in support of his motion. The Government did not respond to the reply brief. The District Court denied the motion, *United States v. Hunter*, No. 11-39-1 (RWR), 2013 WL 4083311, at *1 (D.D.C. Aug. 13, 2013), and Appellant appealed.

An order was issued by this court appointing amicus counsel ("Amicus") to brief and argue the case on behalf of Appellant. Amicus has directly and clearly raised the statutory argument resting on 18 U.S.C. § 3664(f)(2). In particular, Amicus argues that the District Court erred in failing to fulfill its statutory duty to assess Appellant's ability to pay restitution, and to establish an appropriate schedule for payments. In response to the Government's argument that Appellant's appeal to this court should be dismissed as untimely, Amicus contends that the filing requirements of Federal Rule of Appellate Procedure 4(b) are non-jurisdictional and presumptively subject to equitable tolling. Amicus thus urges the court not to "dismiss[] a criminal appeal as untimely where a defendant [acting *pro se*], through no fault of his own or lack of diligence, did not know the clock had begun to run." Amicus Br. 4.

The Government asserts that the appeal should be dismissed on any one of four grounds: first, the appeal was not timely filed; second, at sentencing, Appellant expressly waived his right to appeal his plea agreement; third, Appellant forfeited his statutory claim by failing to raise it with the District Court during the sentencing proceedings; and, finally, Appellant's challenge to the District Court's sentencing order is without merit.

Because the filing requirement under Federal Rule of Appellate Procedure 4(b) is a non-jurisdictional, claim-processing rule, *see United States v. Byfield,* 522 F.3d 400, 403 n.2 (D.C. Cir. 2008), we may proceed to the merits. We therefore leave for another day the challenging questions raised by Amicus and the Government regarding the timeliness of this appeal. The record in this case makes it clear that Appellant's "counsel did not object to the restitution order at the sentencing hearing, so our review is for plain

4

error." *United States v. Baldwin*, 563 F.3d 490, 491 (D.C. Cir. 2009) (citing Fed. R. Crim. P. 52(b)). In *Baldwin*, we considered whether a restitution order that delegated to IFRP the responsibility for determining a defendant's payment schedule during her incarceration constituted plain error. The court held that, "[g]iven the divergent views of the courts of appeals . . . we cannot say that the district court committed 'plain error' in its restitution order." *Id.* at 492. *Baldwin* controls the disposition of this case. We are therefore constrained to deny Appellant's appeal. Given this result, it is unnecessary to reach the other arguments raised by the Government.

## I. BACKGROUND

### A. *The Mandatory Victim Restitution Act*

The Mandatory Victim Restitution Act ("MVRA") governs restitution orders that are issued against federal defendants. Pub. L. No. 104-132, §§ 201–11, 110 Stat. 1214 (1996) (codified as amended in scattered sections of 18 U.S.C.). When sentencing a defendant convicted of certain crimes (including any crime of violence), the MVRA requires the court to order the defendant to "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The court must "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A). The statute provides, however, that:

> **(2)** Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to

which, the restitution is to be paid, in consideration of –

> **(A)** the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> **(B)** projected earnings and other income of the defendant; and
>
> **(C)** any financial obligations of the defendant; including obligations to dependents.

**(3)(A)** A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

**(B)** A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

*Id.* § 3664(f)(2), (f)(3).

The statute also allows for the adjustment of restitution orders after sentencing. On this point, the statute states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's

economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

*Id.* § 3664(k).

## B. *Appellant's Challenge to His Restitution Order*

Appellant was charged in September 2011 after a spree of armed robberies. He pled guilty to two counts of armed robbery under the Hobbs Act, 18 U.S.C. § 1951, one count of attempted armed robbery of an armored car under 18 U.S.C. § 2113, and one count of possession of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). As part of his plea agreement, Appellant agreed to forfeit $35,157.27, the total proceeds of his Hobbs Act robberies, and to pay restitution in the same amount.

On March 1, 2013, the District Court orally sentenced Appellant to fifteen years in prison followed by three years of supervised release. The court also ordered Appellant to pay $35,157.27 in restitution (jointly and severally with his codefendant), as provided in the plea agreement, along with a "special assessment" of $400. The court made both amounts immediately payable. The District Court's order further provided that, during his incarceration, Appellant should make payments by participating in IFRP, leaving the timing and amounts of his payments up to the Bureau of Prisons. Finally, the District Court ordered that, when he was out of

prison on supervised release, Appellant would be required to pay down the balance of his restitution at a rate of no less than $50 each month. Appellant's counsel did not object to the restitution order. When Appellant entered prison, IFRP imposed a schedule of restitution payments of $25 every three months.

On May 17, 2013, Appellant filed a *pro se* motion asking the District Court to suspend his restitution payments. He did not claim that the restitution order should be suspended due to changed circumstances. Rather, he argued that the District Court had failed to inquire into his economic situation when determining his payment schedule, and that the payments required by IFRP imposed a significant hardship on him. In an affidavit accompanying the motion, Appellant explained that he could not make his restitution payments because there were few jobs available in the prison offering sufficient wages, his poor health made it hard to work, and he needed the small amounts of money sent by his sister for himself.

The Government responded that the amount of Appellant's restitution was mandated by the MVRA, that the judgment was immediately enforceable, and that district courts cannot set the terms of payments made through IFRP. In a reply brief, Appellant argued for the first time that the District Court does not have the authority to delegate its scheduling duties to the Bureau of Prisons. Appellant acknowledged that if the matter had been properly raised by his counsel during the sentencing hearing, "the problem would have been resolve[d]." Appendix for Appellee 76. Appellant also asserted that it "would be futile" for him to seek administrative relief from the Bureau of Prisons. *Id.*

The District Court rejected Appellant's motion, holding that restitution was mandated by the MVRA, and that the

court had no authority to order IFRP to alter what it requires Appellant to pay. The court noted further that:

> a defendant may seek judicial review of his IFRP restitution payment amount after exhausting his administrative remedies. Here, Hunter has not shown that he exhausted all available administrative remedies before filing his motion.

*Hunter*, 2013 WL 4083311, at *2 (citation omitted). Appellant now appeals the District Court's ruling.

## II. ANALYSIS

### A. *Standard of Review*

Under normal circumstances, the court reviews "issues of law related to sentencing" *de novo*. *United States v. Watson*, 476 F.3d 1020, 1023 (D.C. Cir. 2007). However, if the defendant's counsel fails to raise an objection at sentencing, we review the sentencing claim only for plain error. *Id.*; *see* Fed. R. Crim. P. 51(b), 52(b). Appellant does not contend that the statutory delegation issue that he raises in this appeal was raised with the District Court during his sentencing hearing. Therefore, plain error review applies in this case.

"To overturn a district court's decision under plain error review, we must find that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are satisfied, we have discretion to remedy the error only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Baldwin*, 563 F.3d at 491 (citations, brackets, and internal quotation marks omitted). As noted above and explained below, the District Court did not commit plain error.

Amicus presents two arguments for why we should nonetheless eschew plain error review, but both are without merit. Amicus's first contention is that the Government should have raised forfeiture with the District Court in response to Appellant's post-sentencing *pro se* motion. Amicus Br. 41–43. By failing to do so, Amicus claims, the Government "forfeited [its] forfeiture argument." *Solomon v. Vilsack*, 763 F.3d 1, 13 (D.C. Cir. 2014).

Amicus's argument on Appellant's behalf is clever, and it is appealing at first blush. However, it is premised on an inaccurate view of the record. We simply cannot find that the Government "forfeited" its objection to Appellant's belated attempt to raise the statutory delegation argument. As noted above, Appellant's counsel raised no objection to the restitution order during the sentencing hearing. When Appellant filed his *pro se* motion more than two months after the sentencing order had issued, his initial brief to the court seeking to suspend the restitution order did not raise the statutory argument regarding the District Court's alleged unlawful delegation to IFRP. And there was no reason for the Government to assume that Appellant meant to raise the statutory argument because Appellant's motion and accompanying affidavit focused on the financial hardship he was experiencing inside prison.

The non-delegation argument that Amicus now presses on appeal did not appear until Appellant's reply to the Government's opposition to his initial brief in support of his motion. It is generally understood that arguments first raised in a reply brief are untimely. *See, e.g.*, *United States v. Berkeley*, 567 F.3d 703, 711 n.4 (D.C. Cir. 2009); *United States v. Johnson*, 216 F.3d 1162, 1168 (D.C. Cir. 2000). The Government never had an opportunity to argue forfeiture or

say anything else in response to Appellant's belated attempt to raise the statutory issue in his reply brief. The Government argued that Appellant had forfeited this claim at the first appropriate opportunity: in its brief to this court. Therefore, the Government did not forfeit its forfeiture argument.

Amicus's second argument is that plain error review should not apply because the statutory delegation issue was presented to the District Court and that court had an opportunity to rule on it. Amicus Br. 45–46. This claim is contrary to the text and purpose of Federal Rule of Criminal Procedure 51(b). Rule 51(b) is quite clear that "[a] party may preserve a claim of error by informing the court – *when the court ruling or order is made or sought* – of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b) (emphasis added). The proper time for Appellant to have raised his statutory argument was during the sentencing hearing. Because his claim was not so preserved, it is reviewed only for plain error. *Id.* at 52(b); *Baldwin*, 563 F.3d at 491.

The purpose of this "contemporaneous-objection rule" is to allow the District Court to "correct or avoid the mistake so that it cannot possibly affect the ultimate outcome." *Puckett v. United States*, 556 U.S. 129, 134 (2009). This goal is not served when a defendant raises an objection after proceedings are complete and a ruling has been handed down. If raising an issue in a post-judgment motion were sufficient to preserve an objection, then any and all objections could be preserved in this manner. The law does not condone this. *See United States v. Bentley*, 489 F.3d 360, 364 (D.C. Cir. 2007) ("[W]hen a defendant has failed to timely object to an error at trial, we apply plain error review even if he subsequently raised the issue in a motion for a new trial[.]").

As noted above, Appellant's statutory argument appeared for the first time in the *reply* brief that he submitted in support of his motion to suspend the restitution order. The Government had no opportunity to brief the issue. And the District Court did not discuss or rule on the argument when it denied Appellant's motion. The appropriate standard for appellate review under such circumstances is plain error.

## B.   *Plain Error Review*

The District Court did not commit plain error in this case. The legality of restitution orders that leave a prisoner's payments up to IFRP has split the courts of appeals. A majority of the circuits that have considered the problem agree with Appellant that "the district court simply does not have the authority to delegate its own scheduling duties – not to the probation office, not to the [Bureau of Prisons], not to anyone else." *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005); *see also United States v. Overholt*, 307 F.3d 1231, 1254–56 (10th Cir. 2002); *United States v. Davis*, 306 F.3d 398, 425–26 (6th Cir. 2002); *United States v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001); *United States v. Kinlock*, 174 F.3d 297, 300 (2d Cir. 1999); *United States v. Corley*, 500 F.3d 210, 225 (3d Cir. 2007), *vacated and remanded on other grounds*, 556 U.S. 303 (2009); *United States v. Dupree*, 590 F. App'x 857, 860 (11th Cir. 2014) (per curiam); *United States v. Short*, 25 F. App'x 100, 103 (4th Cir. 2001) (per curiam). *But see United States v. Sawyer*, 521 F.3d 792, 794–95 (7th Cir. 2008) (holding that there had been no impermissible delegation in a similar case); *Kaemmerling v. Berkebile*, 359 F. App'x 545, 546–47 (5th Cir. 2010) (per curiam) (same); *Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005) (per curiam) (same). This circuit has not ruled on the permissibility of such orders, and we do not do so today.

In *United States v. Baldwin*, 563 F.3d 490 (D.C. Cir. 2009), however, we determined that restitution arrangements like the one at issue here do not constitute plain error. *Baldwin* controls the disposition of this case.

Venus Baldwin was convicted of health care fraud and ordered to pay restitution. The District Court set a restitution schedule for after she was released from prison, but during the term of her incarceration provided that she "may make payment of [her] special assessment and restitution through [IFRP]." *Id.* at 491 (internal quotation marks omitted). Baldwin did not challenge the order during sentencing. On appeal, she argued that the lower court "impermissibly delegated its authority to determine her restitution obligations to the Bureau of Prisons during her incarceration." *Id.* The Government did not contest Baldwin's claim. To the contrary, it agreed with Baldwin that the District Court had erred. This court nonetheless upheld the decision below. "Given the divergent views of the courts of appeals," we wrote, "we cannot say that the district court committed 'plain error' in its restitution order." *Id.* at 492.

Amicus attempts to distinguish *Baldwin*, but his arguments are not persuasive. Amicus notes that Appellant raised his claim in a reply brief submitted to the District Court, while Baldwin first raised her claim on appeal. Amicus Br. 52. This distinction is germane only to the question of whether plain error review applies to Appellant's case, and we have already determined that it does. He also points to a textual difference between the restitution orders in the two cases. *Id.* Appellant's order requires him to participate in IFRP, while Baldwin's stated only that she "may" do so. This has no bearing on the statutory argument in both cases, which is that the District Court failed to fulfill its obligation to set a restitution payment schedule under 18 U.S.C. § 3664(f)(2).

Next, Amicus claims that *Baldwin* is bad law. We reject this contention as well. He first argues that *Baldwin* conflicts with *United States v. Braxtonbrown-Smith*, 278 F.3d 1348 (D.C. Cir. 2002). Amicus Br. at 52–53. However, the portion of *Braxtonbrown-Smith* on which Amicus relies establishes only that a District Court cannot give probation officers the authority to increase a defendant's restitution payments after she is released from prison. *Braxtonbrown-Smith*, 278 F.3d at 1356. The case contains no holding on anything directly at issue in *Baldwin*. Nor does *Braxtonbrown-Smith* contain any reasoning that could be extrapolated to cover *Baldwin*'s circumstances. The closest *Braxtonbrown-Smith* comes to weighing in on the question of whether the District Court can leave restitution scheduling up to IFRP is a citation to *United States v. Pandiello*, 184 F.3d 682 (7th Cir. 1999), a case that rejected such orders. *Id.* at 688. By the time *Baldwin* was decided, however, *Pandiello* had been overruled. *Baldwin*, 563 F.3d at 492. This is far too thin a reed to support a claim that *Braxtonbrown-Smith* and *Baldwin* are fundamentally incompatible.

Amicus also argues that the *Baldwin* panel improperly held that there was no plain error simply because of the existence of a circuit split on the issue. Amicus Br. 53. Amicus cites *In re Sealed Case¸* 573 F.3d 844, 851 (D.C. Cir. 2009), for the proposition that an error can be plain despite a circuit split if the statute "speaks with absolute clarity." He claims that 18 U.S.C. § 3664(f)(2) meets this standard. This cannot be so, however, because *Sealed Case* specifically cites *Baldwin* as an example of a case in which the statutory language is unclear (and therefore a circuit split is sufficient to preclude a finding of plain error). *Id.* at 851–52.

Despite Amicus's protestations, *Baldwin* is the law of the Circuit and it controls this case. We can understand Amicus's frustration on behalf of Appellant over this court's inability to address an important statutory question because it has yet to be properly raised and preserved for appellate review. But the concern raised is beyond our control. We are bound by the applicable standards of review, and in this case plain error applies.

* * * *

It is worth noting, as the District Court made clear, that Appellant has administrative remedies available to address any concerns about his restitution payments. Appendix for Appellee 82. His motion to the District Court suggested that this would be "futile," but he offered nothing to support this assertion.

Appellant also may be able to seek redress under 18 U.S.C. § 3664(k), which allows for an adjustment of restitution orders if there has been a "material change" in Appellant's "economic circumstances." Appellant's motion to the District Court to suspend the restitution order did not purport to invoke Section 3664(k). The District Court did not address Section 3664(k), and Appellant's appeal to this court does not rest on this provision. Therefore, we have no occasion to comment on the scope of Section 3664(k).

* * * *

We express our appreciation to Amicus for the outstanding representation he has afforded Appellant in this difficult case.

**CONCLUSION**

For the reasons discussed above, Appellant's appeal is hereby denied.

*So ordered.*