**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
UNITED STATES OF AMERICA,        )
                                 )
          v.                     )
                                 ) Criminal Action No. 09-182 (RWR)
MARLANA QUIGLEY,                 )
                                 )
          Defendant.             )
_____  )
```

**MEMORANDUM ORDER**

Defendant Marlana Quigley pled guilty to production of child pornography by a parent and distribution of child pornography, and was sentenced to serve 15 years in prison and to pay $800,000 in restitution to the child victim.  Quigley moves pro se to defer payment of her restitution until she is released from prison claiming that her grandmother can no longer provide Quigley financial help and Quigley has no prison income since she has been released from her prison job.[1]  Id.  The government opposes, arguing that she seeks her remedy in the wrong forum, and that she in any event has shown no meritorious

---

[1]  Quigley also states that "[t]here was no payment plan set by the court." Mot. at 1.  To the extent that Quigley is arguing that the sentencing court erred by failing to set a restitution payment schedule, the D.C. Circuit found no plain error in a sentencing court deferring to the Bureau of Prisons to schedule restitution payments.  See United States v. Hunter, 786 F.3d 1006, 1012 (D.C. Cir. 2015); see also, United States v. Baldwin, 563 F.3d 490, 491-92 (D.C. Cir. 2009).

change in economic circumstances since the Bureau of Prisons ("BOP") has now reemployed her. Because the timing and amount of prisoner payments towards a restitution judgment is an executive and not a judicial decision, Quigley's motion will be denied.

"This [C]ourt does not have the authority to grant [Quigley's] request to defer or change [her] monthly restitution payments. [T]he amount an inmate must pay under [the Inmate Financial Responsibility Program ("IFRP")] is a matter entrusted to the Executive Branch, and courts are not authorized to override the BOP's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation." United States v. Hunter, Criminal Action No. 11-39-1 (RWR), 2013 WL 4083311, at *2 (D.D.C. Aug. 13, 2013) (internal quotation marks omitted), aff'd on other grounds, 786 F.3d 1006, 1012 (D.C. Cir. 2015) (citing United States v. Rush, 853 F. Supp. 2d 159, 162 (D.D.C. 2012), and United States v. Baldwin, 563 F.3d 490, 492 (stating that the IFRP operates "under the exclusive control and authority of the Executive Branch")).

"[A] defendant may seek judicial review of [her] IFRP restitution payment amount after exhausting [her] administrative remedies." Hunter, 2013 WL 4083311, at *2 (citing Rush, 853 F. Supp. 2d at 162 (citing 28 C.F.R. § 542.10(a))). Quigley "has

not shown that she has exhausted BOP administrative remedies to challenge her IFRP restitution payment amount before seeking judicial relief." United States v. Small, 13 F. Supp. 3d 24, 28 (D.D.C. 2014) (citation omitted). "Further, even if she had exhausted all administrative remedies, 'the proper method for challenging how BOP is administering the IFRP in her case may not be a motion to the sentencing court, but rather a petition under 28 U.S.C. § 2241 in the district where [the defendant] is serving her sentence.'" Id. (alteration in original) (citing United States v. Ayers-Zander, Criminal Action No. 11-280 (RWR), 2013 WL 2468300, at *1 (D.D.C. June 7, 2013); Rush, 853 F. Supp. 2d at 162; United States v. Locke, Criminal Action No. 09-259 (JDB), 2012 WL 1154084, at *3 n.5 (D.D.C. Apr. 9, 2012); United States v. Diggs, 578 F.3d 318, 319 n.1. (5th Cir. 2009)).

It is unlikely that Quigley has even met her burden of proving that her economic circumstances have "changed enough to warrant such a modification." Hinton v. United States, Civil Action No. 99-211 (RMU), 2003 WL 21854935, at *4 (D.D.C. Aug. 5, 2003) (citing United States v. Hill, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999)). The in-prison account statement that Quigley filed "may establish that [s]he has very few assets in [her] prison-run account, but it does not address the existence of any assets [s]he may have in other accounts or locations." Id. And any indigence resulting from the fact of her

incarceration does not alone establish grounds for such a modification.  Id. at *5 (citing United States v. Wolfe, 10 Fed. Appx. 249, 250 (6th Cir. 2001)).  Since Quigley has not shown that she is entitled to have this Court defer her restitution payments until she is released from prison, it is hereby

ORDERED that the defendant's motion [37] to defer her restitution obligation be, and hereby is, DENIED.

SIGNED this 19th day of January, 2016.


                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    Chief Judge