UNITED STATES of America, Appellee,

v.

James GOLDEN, Appellant.

No. 02–3098.

United States Court of Appeals, District of Columbia Circuit.

March 3, 2004.

Virginia Cheatham, L. Jackson Thomas, II, John Robert Fisher, Thomas J. Tourish, Jr., Assistant U.S. Attorneys, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Michael J. Moran, Law Office of Michael J. Moran, Lutherville, MD, for Defendant–Appellant.

Before: GINSBURG, Chief Judge, and HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court and on the briefs of the parties. It is

ORDERED AND ADJUDGED that Golden's appeal be denied. Golden is precluded from challenging his conviction of bribery of a public official, in violation of 18 U.S.C. § 201, on the ground that he was not a "public official" within the meaning of that statute because he joined the Government in asking the district court to instruct the jury that "a[n] FHA-approved appraiser is a public official for purposes of the bribery statute." The district court agreed and so instructed the jury. "It has long been settled that on appeal a litigant cannot avail himself of an error that he induced the court under review to commit." *Wagner v. Taylor*, 836 F.2d 596, 599 (D.C.Cir.1987); *see also United States v. Harrison*, 103 F.3d 986, 992 (D.C.Cir. 1997).

Even if Golden were not estopped from challenging his own error, because he failed to object to the instruction as given we would review the district court's instruction only for plain error. *See Jones v. United States*, 527 U.S. 373, 398, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). The instruction given could not possibly be error, let alone "plain," because whether Golden is a public official is controlled by our holding in *United States v. Madeoy*, 912 F.2d 1486 (D.C.Cir.1990), that an appraiser approved by the Veterans Administration was a "public official" within the meaning of § 201(a)(1) as a matter of law. *Id.* at 1494. Because the district court's instruction to the jury did not "[d]eviat[e] from a legal rule," it was not plain error. *United States v. Olano*, 507 U.S. 725, 732–33, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Golden's alternative invocation of the rule of lenity is misplaced because there is no ambiguity whether the phrase "public official" in § 201 encompasses an FHA-approved fee appraiser and, therefore, "no need to resort to the rule of lenity." *Madeoy*, 912 F.2d at 1495.

Although Golden acknowledges that *Madeoy* is "contrary" to his position and contends that the panel should "either overrule or distinguish this case from *Madeoy*," a three-judge panel of the court "does not have the authority to overrule another three judge panel of the court. That power may be exercised only by the full court." *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C.Cir.1996) (*en banc*).

We also reject Golden's challenges to the sentence imposed by the district court. Golden is precluded from challenging the district court's estimate of the FHA's losses because the district court adopted Golden's suggested methodology for calculating those losses. *See Harrison*, 103 F.3d at 992. Furthermore, the district court did not plainly err because the Sentencing Guidelines do not require precision in calculating the losses, but only a reasonable estimate, *see* U.S.S.G. § 2F1.1, comment n, n. 9, which the district court made. Nor has Golden demonstrated that the district court's alleged error either affected his "substantial rights," *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), or "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Next we reject Golden's argument that he is entitled either to a downward adjustment or to a downward departure based upon his "minor participation" in the conspiracy and the "multiple caus[es]" of the FHA's injury. To be a minor participant the defendant's "culpability for such conduct [must be] relatively minor compared to that of the other participants." *United States v. Mathis*, 216 F.3d 18, 26 (2000).

Golden's role was not comparatively "minor." Because the FHA would not have insured mortgages for the properties without an appraisal by an FHA-approved appraiser, the conspiracy would have failed but for Golden's involvement. The district court so found, and that finding was not clearly erroneous. "If the judge correctly understood the Sentencing Guidelines and the evidence, knew he could depart, and yet decided to stick to the guideline range, there has been no incorrect application of the Guidelines ... and so the resulting sentence cannot be set aside." *United States v. Sammoury,* 74 F.3d 1341, 1343 (D.C.Cir.1996). Golden has not alleged the district court misinterpreted the Sentencing Guidelines. Therefore, the district court's decision not to depart from the Guidelines is "left solely to the sentencing court," *Williams v. United States,* 503 U.S. 193, 205, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), and is "free from appellate examination." *Sammoury,* 74 F.3d at 1343.

Finally, Golden's contention the district court should not have made him jointly and severally liable for the FHA's losses because he was not "the hub of the conspiracy" is without merit. We review the restitution order of the district court for an abuse of discretion. *United States v. Lamire,* 720 F.2d 1327, 1352 (D.C.Cir. 1983); *see United States v. Quarrell,* 310 F.3d 664, 678 (10th Cir.2002). Pursuant to 18 U.S.C. § 3664(h) the district court "may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants." Regardless whether Golden was the "hub" of the conspiracy, the district court properly concluded that without Golden's fraudulent appraisals the conspiracy to defraud the FHA would have failed. Therefore, the district court did not abuse its discretion by making Golden jointly and severally liable for the full amount of restitution because of Golden's central role in the success of the conspiracy.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.