**UNITED STATES, Appellee**

v.

**Francis ASANTE, Appellant.**

No. 03–3086.

United States Court of Appeals, District of Columbia Circuit.

May 6, 2005.

4

Before RANDOLPH, TATEL, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED and ADJUDGED that the district court's judgment of conviction entered on July 15, 2003 be affirmed. Appellant was convicted of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (2000) and possession with intent to distribute over 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (2000) and § 841(b)(1)(B)(I). The district court sentenced appellant to 318 months in prison and five years of supervised release. On appeal, appellant raises four challenges to his conviction and two to his sentence. None of the challenges to his conviction has merit.

 In affirming appellant's conviction, we first reject his challenge to the sufficiency of the evidence on the conspiracy charge. Considering, as we must, the evidence in the light most favorable to the government, *see United States v. Gaviria,* 116 F.3d 1498, 1515 (D.C.Cir.1997) (per curiam), we conclude that a reasonable jury could have found that appellant intended to and did in fact enter an agreement to distribute the heroin: there was evidence of appellant's regular sales to a local distributor, and he was arrested while trying to deliver almost a kilogram of heroin to the same distributor. Second, whether or not appellant is correct that the district court erred under either Federal Rule of Evidence 404(b) or 403 in admitting evidence of his 1991 arrest for failure to report a monetary transaction, any error was harmless in light of the other evidence and the limiting instructions to the jury. *See United States v. King,* 254 F.3d 1098, 1101–02 (D.C.Cir.

2001). Third, the district court was within its discretion in refusing to sever appellant's trial from that of his co-defendants given the independent nature of the evidence against appellant and the district court's careful instructions to the jury to consider the evidence against each defendant on each count separately. *See Zafiro v. United States,* 506 U.S. 534, 539–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Fourth, even assuming that appellant adequately raised a hearsay objection to one co-conspirator's trial testimony about another co-conspirator's statements describing appellant's heroin dealing, the district court properly admitted the testimony as statements made by a co-conspirator during the course and in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E); *see United States v. Tarantino,* 846 F.2d 1384, 1412 (D.C.Cir.1988) ("If the statement ... can reasonably be interpreted as ... enhancing a co-conspirator['s] or other person's usefulness to the conspiracy, then the statement is in furtherance of the conspiracy and may be admitted.")

 With respect to appellant's sentence, we find no clear error in the district court's application of the Sentencing Guidelines. The court calculated the drug quantity attributable to appellant based on record evidence regarding the amount and frequency of appellant's repeated heroin transactions. *See United States v. Badru,* 97 F.3d 1471, 1476–77 (D.C.Cir.1996); U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n. 12 (2003) (directing the court to "approximate the quantity of the controlled substance" where "the amount seized does not reflect the scale of the offense"). The district court adjusted appellant's sentence upward to account for his role as a leader or organizer of criminal activity based on its finding that appellant directed at least five participants in supplying the heroin to the conspiracy. *See*

U.S. Sentencing Guidelines Manual § 3B1.1(a), cmt. n. 4 (2003) (directing the sentencing court to consider multiple factors to determine whether defendants are leaders or organizers); *see also United States v. Noble*, 246 F.3d 946, 953–54 (7th Cir.2001).

 However, we grant the government's motion to vacate the sentence and to remand for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The Clerk is directed to issue the mandate forthwith.