

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# USA v. Jackson-El

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jackson-El" (2006). *2006 Decisions.* Paper 974.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/974

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-229                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4570
_____

UNITED STATES OF AMERICA,

v.

WILLIAM GREGORY JACKSON-EL,
                                    Appellant


_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 93-cr-281-4)
District Judge: Honorable Mary A. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 18, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed: June 1, 2006)
_____

OPINION
_____


PER CURIAM

        William Jackson was convicted by a jury in the United States District Court for the

Eastern District of Pennsylvania of bank robbery and related crimes.  In April 1994, he

was sentenced to a term of 198 months imprisonment to be followed by five years of supervised release. The sentencing court also imposed an order of restitution in the amount of $12,320. The judgment and commitment order set no formal schedule for the amount or timing of payments. Instead, the court specified that the "monetary penalties" were due "in full immediately" and payable during the period of incarceration.

From October 2004 to February 2005, while incarcerated at USP Terre Haute, Jackson made monthly $35 restitution payments pursuant to an agreement he made with the Bureau of Prisons ("BOP") under the Inmate Financial Responsibility Program ("IFRP"). The IFRP encourages inmates to develop a plan to meet various financial obligations, including orders of restitution. See 28 C.F.R. §§ 545.10-545.11. Non-participation in the program can lead to the loss of some privileges, including, inter alia, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. See § 545.11(d).

In March 2005, Jackson filed a motion for modification of his order of restitution in the United States District Court for the Eastern District of Pennsylvania. He claimed that he lacked sufficient funds to make further monthly restitution payments and asked the district court to set a restitution payment schedule. Jackson also noted that the sentencing court's failure set such a schedule ultimately rendered him ineligible for the IFRP and, in turn, subjected him to various "sanctions."

The District Court denied the motion, concluding that the sentencing court is under no obligation to set a schedule for restitution payments. It further determined that

2

because the IFRP is a voluntary program, Jackson could restore his privileges by re-enrolling. Jackson appealed.

A request that the District Court "set a schedule of payment and the amount to be paid during [his] period of incarceration" is properly brought pursuant to 18 U.S.C. § 3664(k). That statute provides that, upon notice "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the District Court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Before adjusting a defendant's restitution payment schedule, the District Court must receive certification from the Attorney General that those owed restitution have been informed of the defendant's changed circumstances. United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000).

We conclude that the District Court could not grant Jackson's request under § 3664(k). Jackson does not allege a material change in his economic circumstances, nor has he followed the procedural requirements for obtaining an adjustment in his restitution payment schedule. Nothing in the record suggests that the District Court received certification from the Attorney General of any changed circumstances. In short, the District Court correctly denied Jackson's request to set a payment schedule.

Jackson also relied on 18 U.S.C. § 3664(f)(2) in asking the District Court to set a restitution payment schedule. In United States v. Coates, 178 F.3d 681 (3d Cir. 1999), we examined § 3664(f)(2), which requires the sentencing court, after ordering full restitution,

3

to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." Coates, 178 F.3d at 683 (quoting 18 U.S.C. § 3664(f)(2)). In Coates, we held that the fixing of restitution payments is an exclusively judicial act and that a sentencing court commits plain error where it does not comply with the specification requirements of § 3664(f)(2). Coates, 178 F.3d at 685.

We are convinced that § 3664(k) does not provide an avenue for raising a challenge under Coates. As described previously, § 3664(k) provides a procedural device by which a defendant can petition the District Court to adjust his restitution payment schedule based on a change in economic circumstances. Section 3664(k), however, does not provide a vehicle by which a defendant can challenge the validity of the restitution order itself. Thus, Jackson may not raise in his § 3664(k) motion a contention that the sentencing court impermissibly delegated to the BOP the duty to set a schedule for his payments.

Even assuming, arguendo, that § 3664(k) could be used by Jackson to allege that the sentencing court impermissibly delegated its judicial authority, we would reject the claim. The sentencing court did not delegate the scheduling of Jackson's restitution payments to the BOP. Rather, it simply exercised its authority to direct that "monetary penalties," including the restitution payment of $12,320, be paid "in full immediately." See 18 U.S.C. § 3572(d)(1). Ordering immediate payment is not an impermissible delegation because "such directives generally are interpreted to require not immediate payment in full but payment to the extent that the defendant can make it in good faith,

4

beginning immediately." See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1998) (finding no conflict between a restitution order directing immediate payment and the BOP initiating an IFRP payment plan). Jackson's alleged inability to make the $35 monthly payments under the IFRP agreement does not require that the District Court establish a payment schedule.

In sum, this appeal presents "no substantial question," see 3rd Cir. LAR 27.4 and I.O.P. 10.6, and thus we will summarily affirm the District Court's order.