# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 27, 2006          Decided February 23, 2007

No. 06-3012

UNITED STATES OF AMERICA,
APPELLEE

v.

TALIB D. WATSON,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cr00314-01)

---

*Stacy D. Belf* argued the cause for appellant.  With her on the briefs were *Peter M. Brody* and *Kevin J. Post*.

*Valinda Jones*, Assistant U.S. Attorney, argued the cause for appellee.  With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese III* and *D. Ames Jeffress*, Assistant U.S. Attorneys.

Before: GINSBURG, *Chief Judge*, and SENTELLE and TATEL, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: A jury found Talib D. Watson guilty of being a felon in possession of a firearm and of possession of marijuana. The United States Sentencing Guidelines, which at that time were thought to be mandatory, called for the district court to increase Watson's sentence above what it would have been for those crimes alone because of his prior convictions. Watson appealed and this court remanded the matter to the district court for sentencing de novo in light of the intervening decision of the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005) (holding that because enhancement of sentence, pursuant to mandatory sentencing guidelines, based upon facts not submitted to jury would violate defendant's right to trial by jury, Guidelines are advisory only). The district court adhered to its prior sentence and Watson appealed again, arguing the district court (1) failed to sentence him de novo, (2) misunderstood the maximum sentence and as a result did not give Watson adequate credit for mitigating factors, as required by 18 U.S.C. § 3553(a), and, (3) by relying upon conduct of which he was acquitted in prior cases, violated Watson's constitutional rights to trial by jury and to due process.

In resentencing Watson the district court plainly erred in thinking the statutory maximum to which he could be sentenced was 20 years when in fact it was 10 years. As a result, the court was under the misimpression it was imposing a relatively lenient sentence, presumably in order to take into account certain mitigating factors. Because the mistake affected Watson's substantial rights, we reverse his sentence and, without reaching his other arguments, remand the matter to the district court for resentencing.

## I. Background

The facts surrounding Watson's trial and conviction are

fully recounted in our decision affirming his conviction and remanding the case for resentencing in light of *Booker*. *See United States v. Watson*, 409 F.3d 458, 460 (D.C. Cir. 2005) (*Watson I*). In brief, police officers stopped Watson because the windows of the car he was driving were "tinted excessively." *Id.* at 460. When the police determined there was an outstanding warrant for his arrest, they took him into custody and searched the car. *Id*. There they found a semi-automatic handgun, a pistol, ammunition, and marijuana. *Id.* Watson was indicted for being a felon in possession of firearms and ammunition, and for possession of marijuana. *Id.* at 461. A jury found him guilty of the firearms and drug offenses but acquitted him on the ammunition charge. *Id.* at 462.

In its Presentence Investigative Report (PSR) the Probation Office determined the sentencing range under the Guidelines was from 92 to 115 months of imprisonment, based upon the instant firearms and drug convictions and upon Watson's prior convictions and criminal history, including charges of which Watson was acquitted. In its sentencing memorandum, the Government urged the court to impose the maximum sentence of 115 months, arguing that, in addition to Watson's prior convictions, the prior prosecutions in which Watson was acquitted "demonstrated 'his obvious recalcitrance to rehabilitation.'"

At sentencing, Watson argued the court's proposed reliance upon his prior convictions and upon charges of which he was acquitted was inconsistent with the Supreme Court's then recent decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which held that the jury — not the judge — must find any fact to be used in a scheme of state sentencing guidelines to increase a defendant's sentence beyond the statutory maximum. *Blakely* thereby extended the reach of *Apprendi v.*

*New Jersey*, 530 U.S. 466 (2000), a non–guidelines case holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490. Watson also asked that his sentence be made to run concurrently with the sentence imposed in D.C. Superior Court for violating the terms of his probation by engaging in the conduct for which he was convicted in this case. The district court rejected Watson's *Blakely* argument because the principle laid down in *Apprendi* had not yet been held applicable to the United States Sentencing Guidelines; sentenced Watson to 108 months in prison; and declined to make Watson's sentence concurrent with his Superior Court sentence.

After this court affirmed Watson's conviction but remanded his sentence for reconsideration in light of *Booker*, *see Watson I*, 409 F.3d at 466, the district court ordered the parties to submit supplemental memoranda addressing the sentencing factors enumerated in 18 U.S.C. § 3553, and said it would schedule a sentencing hearing based upon those memoranda "if necessary." The district court later scheduled a "status conference" after Watson — apparently concerned there might be no sentencing hearing — filed a Motion for Sentencing De Novo and Request for Hearing.

In his memorandum and at the status conference Watson argued his sentence could not be enhanced upon the basis of findings about his criminal history made by the judge rather than the jury. Watson also argued his willingness to admit to drug addiction and to seek treatment were mitigating factors that had to be considered under § 3553(a).

The district court clarified, when asked by Watson's counsel, that the status conference was indeed the sentencing

hearing and that the court would grant Watson's motion for sentencing de novo. The parties presented their arguments concerning the appropriate sentence, after which the court said that, because the Guidelines were no longer mandatory, there was no need to determine the applicable Guidelines range, but added, "If I were going to make [such a finding], it would be the same guidelines range ...." The court also stated — incorrectly — that the maximum sentence under the statute was 240 months when, in fact, it was — as the Government now concedes — only 120 months. The court understandably, therefore, characterized Watson's 108-month sentence as being "considerably less than the statutorily-available sentencing maximum." The court also alluded to the two prior cases, each more than a decade earlier, in which Watson was ultimately acquitted as reflecting a "lengthy career" in the "criminal justice system": "There were close calls, very serious offenses for which you were tried and acquitted in two cases. And I didn't focus my [original sentence] back then completely on those. Obviously I took them into consideration." Finally, the court recognized Watson had since his conviction sought drug treatment and improved his behavior in prison: "I am ... pleased to hear that you've been changing and making adjustments or whatever."

The district court rejected Watson's arguments against considering charged conduct of which he had been acquitted, and imposed a sentence of the same length as his original sentence (108 months), again consecutive to Watson's sentence in Superior Court for violating the terms of his probation. Watson again appeals his sentence.

## II. Analysis

This court reviews de novo issues of law related to sentencing. *United States v. Dorcely*, 454 F.3d 366, 375

(D.C. Cir. 2006). Under *Booker*, we also review the sentence itself for reasonableness, 543 U.S. at 260-61, "in light of the sentencing factors that Congress specified in 18 U.S.C. § 3553(a)." *United States v. Price*, 409 F.3d 436, 442 (D.C. Cir. 2005). And, as we recently held, a sentence within "a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness." *Dorcely*, 454 F.3d at 376; *accord United States v. Rita*, 177 F. App'x 357, 2006 WL 1144508, at *1 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5754); *United States v. Claiborne*, 439 F.3d 479 (8th Cir. 2006) (holding sentence 22-months below Guidelines range unreasonable), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5618).

A. A Hearing by Any Other Name

Watson first argues the district court failed to sentence him de novo, as required by our decision in *Watson I*. This argument is ultimately based upon the district court's having first denominated the hearing a "status conference" and having initially told Watson's counsel the proceeding would not include his resentencing.

This terminological objection is of no substantive moment: The parties had submitted supplemental sentencing memoranda analyzing the § 3553(a) factors, and when Watson's counsel asked whether the hearing was for sentencing and was told it was and that the court would grant his motion for sentencing de novo, she expressed no reservation about going forward. The defendant was clearly prepared to argue the matter and did so. In substance, the proceeding, whatever it was called, was a sentencing hearing at which the district court sentenced Watson de novo.

B.  The Case of the Mistaken Maximum

In the course of resentencing Watson, the district court stated, incorrectly, that Watson was subject to a statutory maximum sentence of 240 months.  In fact, the maximum under the felon-in-possession statute was 120 months.  *See* 18 U.S.C. § 924(a)(2).  Watson contends this mistake led the district court to conclude his sentence of 108 months was, as the district court put it, "considerably less than the statutorily-available sentencing maximum."  The Government responds that Watson's failure to disabuse the district court — indeed, counsel expressed agreement with the court's misstatement of the maximum — makes the error "subject to review for plain error, if at all."  Further, the Government contends, the error "did not substantially affect the court's choice of sentence within the recommended sentencing range," and therefore was not prejudicial.

We agree with the Government in part:  Because counsel for Watson did not object, we will review the record only for plain error.  FED. R. CRIM. P. 52(b).  Under this standard, "there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights."  *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (internal quotation marks and citation omitted); *cf.* FED. R. CRIM. P. 52(a) (error harmless if it "does not affect substantial rights").  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Johnson*, 520 U.S. at 467 (internal quotation marks and citations omitted).

In this case there was an error, it was plain, and we have no trouble seeing its effect upon Watson's substantial rights:  The district court's misimpression that a sentence of 108

months was "considerably less than the statutorily-available sentencing maximum" was apparently the basis upon which the court suggested it had taken the relevant mitigating factors into account and was imposing a significantly lesser sentence. Thus, it appears there might have been a "materially different result, more favorable to the defendant," *United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005), had the district court had the proper sentencing range — either the 115-month Guidelines maximum or the 120-month statutory maximum — rather than the supposed 240-month statutory maximum as its frame of reference. In short, it appears the district court thought it was imposing a sentence "considerably less" than, but instead imposed a sentence quite close to, the maximum.

We conclude the district court's erroneous premise gave it the mistaken impression it was being lenient and the error thus infected Watson's sentence. *Cf. United States v. Williams*, 399 F.3d 450, 461 (2d Cir. 2005) ("[L]eaving in place an error-infected sentence that would have been materially different absent error and that could be readily corrected would 'seriously affect[] the fairness, integrity or public reputation of judicial proceedings.' Indeed, it would seriously affect all three." (footnote and citation omitted)). We therefore reverse Watson's sentence.

## C. The Roads Not Taken

As we have seen, the district court did not make a finding regarding the advisory Guidelines range applicable to Watson's sentence. The Government concedes this was a mistake. *See, e.g.*, *United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005) (under post-*Booker* sentencing regime, "a sentencing court is required 'to consider Guidelines ranges' applicable to the defendant" (quoting *Booker*, 543 U.S. at 245)). Because, as seen in Part II.B above, we reverse and

remand for the district court to correct a plain error, we need not decide the effect (if any) this error had upon Watson's sentence.

Nor need we resolve the issue raised by the district court's reliance upon the defendant's acquitted conduct. In *Dorcely*, upon which the Government relies, we upheld a sentence enhanced by the judge applying the "preponderance of the evidence" standard to acquitted conduct. In that case, however, the sentencing judge had presided over the trial and thus seen and heard the evidence supporting the charges of which the defendant was acquitted by the jury pursuant to the standard of guilt "beyond a reasonable doubt." 454 F.3d at 370-71. In this case the sentencing judge did not preside over the defendant's prior trials; indeed, as far as the record reveals, the judge had not seen any evidence introduced to prove the charges of which the defendant had been acquitted in prior cases. Upon resentencing, we trust the district court will explore the significance of this distinction.

## III. Conclusion

The defendant was duly resentenced de novo, but the district court's error concerning the statutory maximum gave the court the misimpression it was being lenient. The error was plain and, because it apparently affected the sentence, was prejudicial. Accordingly, the judgment of the district court is reversed and the case is remanded for resentencing.

*So ordered.*