UNITED STATES of America, Appellee

v.

Francis ASANTE, Appellant.

No. 08–3023.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 25, 2011.

Rehearing En Banc Denied April 1, 2011.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Dennis M. Hart, Law Office of Dennis M. Hart, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, HENDERSON, Circuit Judge, and EDWARDS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Defendant Francis Asante was convicted of conspiracy to distribute and possess with intent to distribute heroin, and unlawful possession with intent to distribute heroin. In 2003, he was sentenced to 318 months of imprisonment, followed by five years of supervised release. In *United States v. Asante,* 161 Fed.Appx. 3 (D.C.Cir.2005), *reprinted in* Appendix for Appellee ("App.") Tab. E, this court affirmed the convictions and found "no clear error in the district court's application of the Sentencing Guidelines," *id.* 161 Fed. Appx. at 5, but nonetheless vacated the sentence and remanded for resentencing pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Upon remand, the District Court found that its previous sentence remained appropriate and again sentenced Asante to 318 months of imprisonment and five years of supervised release.

Asante argues that the District Court committed procedural error, *see United States v. Watson,* 476 F.3d 1020, 1023 (D.C.Cir.2007) (reviewing procedural errors not raised below for plain error), and that his reinstated sentence is substantively unreasonable, *see Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (reviewing reasonableness under an abuse of discretion standard). We find none of his arguments persuasive.

First, Asante asserts that the District Court committed procedural error by framing its inquiry as "whether or not the Court should stray from the sentence originally imposed," and therefore failed to conduct a true *de novo* resentencing hearing. Appellant's Br. at 5. However, a review of the record shows that the District Court reviewed supplemental sentencing memoranda from both parties, considered an updated pre-sentencing report, and granted counsel for both sides, as well as the defendant himself, the opportunity to address the court. As we previously held in *United States v. Watson,* 476 F.3d 1020 (D.C.Cir.2007), where "[t]he parties had submitted supplemental sentencing memoranda analyzing the § 3553(a) factors" and where "[t]he defendant was clearly pre-

pared to argue the matter and did so[,][i]n substance, the proceeding ... was a sentencing hearing at which the district court sentenced [the defendant] de novo." *Id.* at 1023.

Asante also argues that the District Court erred in failing to recognize the non-mandatory nature of the Sentencing Guidelines. Again, a review of the record reveals otherwise. The court specifically noted its duty to "adjust to the fact that now the guidelines are advisory and are not mandatory." Sentencing Hr'g Tr. 17 (Mar. 11, 2008), *reprinted in* App. Tab. G.

Finally, Asante contends that the court failed to properly consider the § 3553(a) factors, which led to a sentence that was substantively unreasonable. Again, Asante's claim is directly refuted by the hearing transcript, which shows that the District Court substantively addressed each of the factors set forth in 18 U.S.C. § 3553(a). *See id.* at 17–19 (nature and circumstances of the offense); 20 (kinds of sentences available under the post-*Booker* sentencing process, need to avoid unwarranted sentencing disparities, and need to provide restitution to victims); 21 (need for the sentence imposed). Pursuant to the abuse of discretion standard of review, this court must defer to the District Court's judgment where the court has presented a "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 128 S.Ct. at 602.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.