**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2012

No. 11-10561
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN ROOSEVELT BUCK,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-6-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevin Roosevelt Buck appeals the fine portion of the sentence imposed upon his guilty plea conviction for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). Upon sentencing Buck to 96 months of imprisonment, the district court imposed a fine of $6,000 and ordered that if Buck had not paid it by the 15th day after the date of judgment, he would pay interest on the fine pursuant to 18 U.S.C. § 3612(f)(1). The fine was "payable immediately," but the district court stated that nonpayment would not be a violation of Buck's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions of release as long as he paid as provided in those conditions. The district court stated that if any of the $6,000 remained unpaid at the start of Buck's term of supervised release, he would be required to make payments at the rate of at least $170 per month. The first of those payments was to be made no later than 60 days after Buck's release from confinement. If, at 60 days prior to the termination of supervised release, there was an unpaid balance remaining, that full unpaid balance would become due and payable at that time as a condition of supervised release.

Buck argues that the district court abused its discretion in making the fine due immediately when the presentence report stated that he did not have the financial resources to pay a fine immediately and the factors in 18 U.S.C. § 3572 militated against imposing a fine. He argues further that a fine payable immediately and a fine payable in installments are mutually exclusive penalties, and installment payments cannot be ordered in addition to immediate payment.

At sentencing, the district court adopted the findings in the presentence report, which stated that although Buck did not have the financial resources to pay a fine immediately, he did have the future earning capacity to pay a fine at the lower end of the guideline range of $6,000 to $60,000. Under § 3572(d)(1), the sentencing court has the option of making a fine payable immediately or in installments. We agree with the Seventh Circuit that "[i]f a fine is ordered payable immediately, 'immediate payment' does not mean 'immediate payment in full;' rather it means 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *United States v. Ellis*, 522 F.3d 737, 738 (7th Cir. 2008) (internal quotation marks and citation omitted). Our cases interpreting similar restitution orders support this conclusion. *See United States v. Arledge*, 553 F.3d 881, 898 (5th Cir. 2008); *United States v. Miller*, 406 F.3d 323, 327 (5th Cir. 2005). The district court did not abuse its discretion in imposing a fine that was due immediately.

AFFIRMED.