**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4861**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

       v.

TONY JOHNSON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
District Judge.  (7:12-cr-00019-FL-2)

_____

Submitted:  July 12, 2013          Decided:  July 24, 2013

_____

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Paul Camarena, NORTH & SEDGWICK, Chicago, Illinois, for
Appellant.  Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Johnson appeals his conviction and 105-month sentence imposed following his guilty plea, pursuant to a plea agreement, to two counts of possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Counsel for Johnson filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the magistrate judge complied with Rule 11 in accepting Johnson's guilty plea and whether Johnson's sentence is reasonable. Johnson was given an opportunity to file a pro se supplemental brief but has not done so. The Government has also elected not to file a brief. For the reasons that follow, we affirm the district court's judgment.

We first address the validity of Johnson's guilty plea. Federal Rule of Criminal Procedure 11 requires that the district court, prior to accepting a guilty plea, conduct a colloquy in which it informs the defendant of the charges against him and determines that he comprehends the nature of those charges, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the defendant's guilty plea is voluntary and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3).

2

Because Johnson did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error, (2) the error was plain, and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732-34 (1993). To establish that a Rule 11 error affected his substantial rights, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Our review of the record reveals that the magistrate judge substantially complied with Rule 11. The magistrate judge properly ensured that Johnson's plea was knowing, voluntary, and supported by a sufficient factual basis. The magistrate judge properly informed Johnson of the maximum possible penalties he faced and of the advisory nature of the Sentencing Guidelines. Though the magistrate judge did not inform Johnson that any false statements could be used against him in a prosecution for perjury, Fed. R. Crim. P. 11(b)(1)(A), we conclude that this error did not affect Johnson's substantial rights because there is no indication that Johnson lied or is being prosecuted for perjury. Olano, 507 U.S. at 732-34. Moreover, Johnson fails to

3

allege that but for this error he would not have entered the plea. Dominguez Benitez, 542 U.S. at 83.

We next address the reasonableness of Johnson's sentence. Applying an abuse of discretion standard, we first review for significant procedural error, and in the absence of such error, we then consider substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the § 3553(a) factors, and failing to adequately explain the selected sentence. Id. Substantive reasonableness is determined by considering the totality of the circumstances, including the extent of any deviation from the Guidelines range. Id.

In sentencing Johnson, the district court imposed a sentence above the range established by application of the Sentencing Guidelines. An upward variance is permitted where justified by the § 3553(a) factors, see id., and an upward departure is permitted where a defendant's criminal history category inadequately reflects his actual criminal history. United States v. Myers, 589 F.3d 117, 125-26 (4th Cir. 2009). Where an upward departure is warranted, the sentencing court must depart incrementally and explain the reasons supporting its departure. United States v. Dalton, 477 F.3d 195, 199 (4th Cir.

4

2007).  This Court gives due deference to the district court's determination that the § 3553(a) factors justify the extent of a variance, and the fact that we might find a different sentence appropriate is insufficient to justify reversal of the district court.  Gall, 552 U.S. at 51.

We conclude that the sentence imposed by the district court is both procedurally and substantively reasonable.  The district court properly calculated the Guidelines range, considered the § 3553(a) factors, and adequately explained the selected sentence.  Gall, 552 U.S. at 51.  The court explained that the § 3553(a) factors and the inadequacy of Johnson's criminal history category justified deviation from the Guidelines.  Id.; Myers, 589 F.3d at 125-26.  The court then properly departed upward incrementally and explained the reasons supporting the departure, including Johnson's criminal history, the need to protect the public, and the need to provide adequate deterrence.  Dalton, 477 F.3d at 199.  Finally, considering the totality of the circumstances, including the extent of the deviation as well as Johnson's unscored prior felony drug convictions and his propensity to reoffend, a 105-month sentence was not an abuse of discretion.  Gall, 552 U.S. at 51.

We also conclude that the district court did not err in imposing a $1,000 fine due immediately.  Before imposing a fine, the district court must consider specific factors and make

5

specific findings regarding the defendant's ability to pay.  18

U.S.C. § 3572 (2006); USSG § 5E1.2; United States v. Walker, 39

F.3d 489, 492 (4th Cir. 1994).  However, in United States v.

Taylor, 984 F.2d 618, 621-22 (4th Cir. 1993), we upheld a fine

imposed without specific findings where the fine was only

$2,000, the defendant could make payments on the fine through

income earned in prison, the findings in the presentence report

adequately supported the fine, and the defendant failed to

object to the fine at sentencing.  A defendant's failure to

object to the calculation of a fine at sentencing waives

appellate review absent plain error.  United States v. Castner,

50 F.3d 1267, 1277 (4th Cir. 1995); see Olano, 507 U.S. at 732.

Here, the district court did not plainly err in

calculating a $1,000 fine due immediately.  Though the court did

not explicitly articulate its consideration of the appropriate

factors, it did find that Johnson was unable to pay a within-

Guidelines fine and accordingly departed downward from $5,000 to

$1,000.  Taylor, 984 F.2d at 621-22.  Moreover, the fine does

not contradict the presentence report, which opined that Johnson

could afford a $1,000 fine paid in installments using income

earned in prison and while on supervised release.  Id.  Even

though the court made the fine due immediately despite the

presentence report's indication that Johnson could not presently

afford to pay, the court waived any interest.  Accordingly, even

6

assuming an error and that that error was plain, Johnson shows no effect on his substantial rights. Olano, 507 U.S. at 732; see also McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) ("[Immediate payment] directives generally are interpreted to require not immediate payment in full but payment to the extent that the defendant can make it in good faith, beginning immediately.") (internal quotation marks and citations omitted).

In accordance with Anders, we have reviewed the entire record in this case and find no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny counsel's motion to withdraw from representation. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7