**UNITED STATES of America, Appellee**

v.

**Nazim S. KHAN, Appellant.**

**No. 12–3112.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 27, 2013.

Margaret Elizabeth Barr, Michael Kevin Atkinson, Ronald C. Machen, Jr., Esquire, John Perry Mannarino, Elizabeth Trosman, Esquire, Usao Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Anthony Douglas Martin, Law Office of Anthony D. Martin, Greenbelt, MD, for Appellant.

Before: BROWN and SRINIVASAN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order entered December 11, 2012 be affirmed.

Nazim Khan pled guilty to participating in a scheme to defraud the United States Army Corps of Engineers. As part of his sentence, he was ordered to pay the government full restitution in the amount of $611,904. On appeal, Mr. Khan presents

three arguments. First, he argues the case should be remanded for resentencing because the district court failed to consider his ability to pay before determining a restitution amount. Second, he contends the court abused its discretion in holding him jointly and severally liable for the full restitution amount. Lastly, he claims his guilty plea was not knowing or voluntary. As discussed below, each argument is foreclosed by statute or precedent.

█ The Mandatory Victims Restitution Act ("MVRA") provides that "[u]pon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of" several factors related to the defendant's economic circumstances. *See* 18 U.S.C. § 3664(f)(2). At the inception, Mr. Khan seems to conflate the district court's statutory duty vis-à-vis restitution determinations. He argues, on the one hand, that "a court must consider the defendant's ability to pay *before* determining a restitution amount," Appellant's Br. 9 (emphasis added), and, on the other hand, that the court need only consider the defendant's economic circumstances when determining the *manner* and *schedule* of restitution payment. But the former argument is clearly preempted by statute, *see* 18 U.S.C. § 3664(f)(1)(A), and the latter, more discrete argument, withers under the klieg lights of plain-error review.

In this case, Mr. Khan failed to object at sentencing to the manner and schedule of restitution payments. He therefore must demonstrate plain error, and he does not contend otherwise. *See* Fed.R.Crim.P. 52(b); *United States v. Baldwin*, 563 F.3d 490, 491 (D.C.Cir.2009). To do so, an appellant must show "(1) error, (2) that is plain, and (3) that affect[s] substantial

rights." *United States v. Watson*, 476 F.3d 1020, 1023 (D.C.Cir.2007). If all three conditions are satisfied, we may remedy the error only if (4) it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1023–24. Mr. Khan has not met his burden.

Here, assuming, without deciding, the first two *Watson* factors are satisfied, Mr. Khan has not demonstrated any unfair prejudice from the district court's alleged failure to consider his economic circumstances when determining the manner and schedule of restitution payment. *See United States v. Smith*, 232 F.3d 236, 243 (D.C.Cir.2000) ("[T]he 'substantial rights' inquiry of Federal Rule of Criminal Procedure 52(b) mirrors Rule 52(a)'s 'harmless error' inquiry, except that the burden in the former falls on the defendant to show prejudice."); *United States v. Baugham*, 449 F.3d 167, 183 (D.C.Cir.2006) (noting that the third *Watson* factor requires that appellant "make a specific showing of prejudice, i.e., show that the error affected the outcome of the district court proceedings").

The district court's order that the restitution is "immediately payable," Pub.App. 106, has been construed to mean "payment to the extent that the defendant can make in good faith, beginning immediately." *United States v. Sensmeier*, 361 F.3d 982, 991 (7th Cir.2004); *see also United States v. Jackson–El*, 179 Fed.Appx. 147, 149 (3d Cir.2006); *United States v. Johnson*, 535 Fed.Appx. 245, 248 (4th Cir. July 24, 2013); *United States v. Buck*, 470 Fed.Appx. 304, 305 (5th Cir.2012); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002). Thus construed, it is not immediately obvious how the district court's restitution order affected Mr. Khan's "substantial rights." *See United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir.2008) ("All that a 'due immedi-

ately' statement in a judgment does is command the defendant to discharge his obligations as quickly as possible."). But this case, in any event, presents no occasion to decide whether a defendant could ever show prejudice on account of a "due immediately" directive in a restitution order. *See id.* at 796–98 (concluding that a "due immediately" directive in a restitution order does not affect a defendant's substantial rights, but noting disagreement on the issue). At a minimum, Mr. Khan bears the burden of showing why the district court's immediate payment order affected his substantial rights. *See United States v. Wilson,* 605 F.3d 985, 1022 (D.C.Cir.2010) ("Appellant bears the burden of proving each element under [plain-error] standard."); *United States v. Simpson,* 430 F.3d 1177, 1189 (D.C.Cir. 2005) ("Under the plain error standard, it 'is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.'") (quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Here, Mr. Khan's briefs do not address the plain-error standard in any fashion, and he therefore necessarily fails to meet his burden of persuasion on the third and fourth prongs of the plain-error test.

■ Mr. Khan's second argument suffers a similar fate. The MVRA vests the district court with discretion to apportion restitution, but does not require that it do so. *See* 18 U.S.C. § 3664(h); *United States v. Monzel,* 641 F.3d 528, 538 (D.C.Cir.2011). Here, the district judge explained that Mr. Khan's "role was significant. It was not minimal. It was a big role because without [him] there is no crime . . . ." Pub.App. 95. While Mr. Khan believes that because he gained only $83,403 from the scheme he should not be held jointly and severally liable for the full restitution payment, we have rejected such

an argument, concluding that the district court did not abuse its discretion in failing to apportion liability. *See United States v. Golden,* 89 Fed.Appx. 271, 273 (D.C.Cir. 2004).

■ Lastly, Mr. Khan's claim that his guilty plea was not knowing or voluntary is baseless. The district court conducted the plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Absent some error under Rule 11, the court's extensive, textbook colloquy is sufficient to support the conclusion that Mr. Khan knowingly and voluntarily pled guilty. *See United States v. Hernandez,* 79 F.3d 1193, 1195 (D.C.Cir.1996); *United States v. Cray,* 47 F.3d 1203, 1208 (D.C.Cir.1995). Mr. Khan does not dispute that the plea hearing was performed in accordance with Rule 11. Nor does he deny adequate representation of counsel during the plea process. Instead, Mr. Khan proffers two equally impotent rationales for invalidating his plea. First, Mr. Khan claims he was coerced to accept the plea because he "was made to understand that if he did not accept the plea offer he would likely face additional charges and a potentially longer jail term if found guilty." Appellant's Br. 14. Such a complaint has been soundly rejected as a legitimate basis to find a plea involuntary. *See Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *see also United States v. Pollard,* 959 F.2d 1011, 1021 (D.C.Cir.1992). Second, Mr. Khan expresses dismay over his sentence because "he was assured that he would receive leniency based on his quick acceptance of responsibility and cooperation." Appellant's Br. 14–15. But the record is clear that Mr. Khan received a three-level reduction for his acceptance of responsibility and cooperation. In any event, "[a] mere disappointed expectation of great leniency does not vitiate a plea." *Monroe v.*

*Huff,* 145 F.2d 249, 249 (D.C.Cir.1944). For the foregoing reasons, we affirm the district court's judgment.

Pursuant to D.C.Cir. R. 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41(a)(1).