**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4131

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE DAKI LAVENDER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-cr-00076-M-1)

Submitted:  May 19, 2022                                    Decided:  June 17, 2022

Before NIEMEYER, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Daki Lavender appeals from the district court's judgment entered after he pled guilty to two counts of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Lavender's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Lavender did not file a pro se brief. We ordered supplemental briefing on one issue—whether the district court plainly erred in imposing a fine. We now affirm the district court's judgment.

Because Lavender did not challenge the imposition of the fine at sentencing, our review is for plain error. *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). We retain discretion to "cure the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Under the Guidelines, a district court must impose a fine, "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." USSG § 5E1.2(a). A district court must consider several factors in deciding whether to impose a fine, including "the defendant's income, earning capacity, and financial resources"; "the burden that the fine will impose upon the defendant" or any dependents; any loss to the victims of the offense; whether restitution has been ordered; "the need to

2

deprive the defendant of illegally obtained gains"; and the costs to the government of incarceration.  18 U.S.C. § 3572(a); *see Castner*, 50 F.3d at 1277 (discussing factors).

We have held "that the district court must make factual findings with respect to applicable section 3572 factors, so that there can be a basis from which to review whether the district court abused its discretion in assessing a fine." *United States v. Walker*, 39 F.3d 489, 492 (4th Cir. 1994).  "A district court may satisfy these requirements if it adopts a defendant's presentence investigation report (PSR) that contains adequate factual findings to allow effective appellate review of the fine." *Castner*, 50 F.3d at 1277.  "Otherwise, the district court must set forth specifically its findings of fact on the factors set forth in 18 U.S.C. § 3572(a)." *United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999).

We conclude that the district court did not plainly err in imposing a fine.  "At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (cleaned up).  In *Aramony*, we vacated a fine when the PSR "did not even arguably contain current information regarding [the defendant]'s financial condition or adequate findings with respect to the statutory factors listed in 18 U.S.C. § 3572(a)."  166 F.3d at 665.  Lavender does not dispute that the financial information in the PSR was accurate. The PSR contains information about the statutory factors.  It explained the likelihood and amount of Lavender's prison earnings, thoroughly reviewed his employment history, and noted his lack of dependents and the absence of restitution.

We find this case most similar to an unpublished decision, *United States v. Johnson*, 535 F. App'x 245 (4th Cir. 2013) (No. 12-4861), where we found no plain error in the

3

imposition of a fine. There, we noted that, "[t]hough the court did not explicitly articulate its consideration of the appropriate factors, it did find that Johnson was unable to pay a within-Guidelines fine and accordingly departed downward from $5,000 to $1,000." *Id.* We added that

> the fine does not contradict the presentence report, which opined that Johnson could afford a $1,000 fine paid in installments using income earned in prison and while on supervised release. Even though the court made the fine due immediately despite the presentence report's indication that Johnson could not presently afford to pay, the court waived any interest. Accordingly, even assuming an error and that that error was plain, Johnson shows no effect on his substantial rights.

*Id.* (citation omitted); *see also United States v. Ellis*, 522 F.3d 737, 738 (7th Cir. 2008) ("If a fine is ordered payable immediately, immediate payment does not mean immediate payment in full; rather it means payment to the extent that the defendant can make it in good faith, beginning immediately." (internal quotation marks omitted)).

Here, just as in *Johnson*, the probation officer described how Lavender could pay a reduced fine. The district court adopted the recommendation and imposed a below-Guidelines fine. And the court waived interest in this case. Although *Johnson* is unpublished, an unpublished decision of this court contradicting an appellant's argument "suggests that even if the district court erred, such error was not plain." *United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Lavender, in writing, of the right to petition the Supreme Court of the United States for further review. If Lavender requests that a petition

4

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lavender.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*